JAMES O'BRIEN, Plaintiff-Appellant, *v.* TOWNSHIP HIGH SCHOOL DISTRICT 214 *et al.*, Defendants-Appellees.

First District (4th Division) No. 77-1673

Opinion filed June 28, 1979.—Rehearing denied August 7, 1979.

Maddux, Johnson and Cusack, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellant.

Ruff and Grotefeld, Ltd., of Chicago (John J. Reidy, of counsel), for appellees.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, James O'Brien, appeals from an order of the circuit court of Cook County granting the defendants' motion to dismiss the plaintiff's complaint in its entirety. The defendants are Township High School District 214 (the District), Ronald Freeman, Edward Cheatham and Hal Ross.

Count I of the plaintiff's fourth amended complaint alleges that the three individual defendants were agents and servants of the District and that the defendant Ross was not a teacher or other certified employee. The plaintiff, a minor, was alleged to be a student in the District. According to the complaint, the plaintiff had a pre-existing condition of septicemia in his left knee. The plaintiff alleges that the District through its agents, the three individual defendants, "undertook" to have injuries of students cared for by a student who was not an employee of the District and who attempted to treat the plaintiff's left knee. The plaintiff alleges certain negligent acts and omissions in the defendants' treatment of the injury. Those acts and omissions may be summarized as permitting incompetent and untrained students to administer medical and surgical treatment to the plaintiff and failing to properly carry out the treatment or

to secure parental consent. Count II of the complaint sets forth the same facts and sequence of events and alleges that the acts and omissions complained of constituted wilful and wanton conduct.

On appeal, the plaintiff argues it was error to dismiss the complaint because (1) neither the School Code (Ill. Rev. Stat. 1971, ch, 122, par. 1—1 *et seq.*) nor the Local Government and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 1—101 *et seq.*) (Tort Immunity Act) gives the defendants immunity from their negligent actions; and (2) that count II pleads facts which constitute wilful and wanton misconduct as a matter of law.

In *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 163 N.E.2d 89, the Illinois Supreme Court abolished the doctrine of immunity of municipal corporations from tort liability in holding that a school district was liable in tort for the negligence of its employee. In response to *Molitor*, the legislature enacted sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1971, ch. 122, pars. 24—24, 34—84a) in 1965, and enacted the Tort Immunity Act in 1965.

The Tort Immunity Act was not raised in the defendants' motion to dismiss and was therefore not considered by the trial court below. Additionally, section 9—103 of the Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 9—103) provides that where a local entity has liability insurance coverage, the insurer may not defend a negligence action on the basis of the immunities found in the statute. According to the defendants' answers to interrogatories, the District has such insurance. For these reasons we will not address the question of whether the Tort Immunity Act provides the defendants with any defense to this action.

The question of educators' immunity under the School Code was considered by the supreme court in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705. The plaintiff-students in two consolidated cases sued their school districts for injuries sustained in their physical education classes. Both students alleged that their teachers were negligent in failing to provide proper supervision of the activities which precipitated their injuries. They argued the immunity sections of the School Code were inapplicable because they pertained only to disciplinary situations. Those sections provide in pertinent part:

> "Teachers and other certificated educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." Ill. Rev. Stat. 1971, ch. 122, par. 24—24.

The *Kobylanski* court concluded sections 24—24 and 34—84a of the School Code conferred *in loco parentis* status "in nondisciplinary as well as disciplinary matters" because the statute specifies that the relationship applies to all "activities connected with the school program." (63 Ill. 2d 165, 172, 347 N.E.2d 705, 708.) The court also noted that teachers enjoy no greater rights than parents and that a student thus could recover if he could prove wilful and wanton misconduct on the part of the teacher.

The subject of educators' immunity was addressed again by the supreme court in *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1323. The trial court did not have the benefit of *Gerrity* when it dismissed the complaint.

*Gerrity* narrowed educators' immunity in negligence suits brought by students. The court found a cause of action had been pleaded where the plaintiff-student alleged negligence in furnishing a football helmet. The court reasoned that sections 24—24 and 34—84a of the School Code

> " * * * reflect a legislative determination that the orderly conduct of the schools and the maintenance of a sound learning atmosphere require that there be a personal relationship between teacher and student in which the teacher has disciplinary and supervisory authority similar to that which exists between parent and child." (71 Ill. 2d 47, 51, 373 N.E.2d 1323, 1325.)

The court concluded the personal relationship would be jeopardized if teachers and school districts were subject to ordinary negligence actions for accidents occurring in the course of the exercise of the authority necessary for the orderly conduct of schools and the maintenance of a sound learning atmosphere. The court found *Kobylanski* distinguishable in that it concerned "a direct, teacher-student relationship involving the exercise of a teacher's personal supervision and control over the conduct or physical movement of the student." (71 Ill. 2d 47, 51, 373 N.E.2d 1323, 1325.) In contrast, the court found the *Gerrity* complaint alleged negligence in connection with the separate function of furnishing allegedly inadequate, ill-fitting and defective equipment.

The court concluded:

> "The public policy considerations in authorizing, and indeed encouraging, teachers to have broad discretion and latitude in the [*Kobylanski*] situation quite clearly do not apply with as much force [to this situation]. On the contrary, public policy considerations argue rather strongly against any interpretation which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose. To hold school districts to the duty of ordinary care in such matters would not be unduly burdensome * * *." 71 Ill. 2d 47, 52, 373 N.E.2d 1323, 1326.

The defendants argue the instant case is controlled by *Kobylanski* and that immunity should bar the action. They submit that, like *Kobylanski*, the allegations of negligence found in the complaint involve omissions in connection with their alleged failure to provide proper medical treatment.

■■ We believe the facts alleged in the complaint before us should be controlled by *Gerrity* rather than *Kobylanski*. The complaint alleges that the defendants "undertook to have" the plaintiff's condition treated by another student in a negligent fashion. These allegations portray a situation which, as in *Gerrity*, does not arise out of a teacher's "personal supervision and control" of a student's conduct or physical movement. Nor does it affect the orderly conduct of the schools or the maintenance of a sound learning atmosphere. When teachers undertake to provide medical treatment there is little need for the broad discretion and latitude required in the classroom setting. When medical treatment is undertaken by a school or its agent, public policy considerations dictate an obligation to ensure that it is competently rendered. To hold school districts to an ordinary care standard in this area does not appear unduly burdensome. We conclude it was error for the trial court to dismiss the negligence count.

The plaintiff also argues count II of his complaint should not have been dismissed. He argues that the facts contained therein cannot be said, as a matter of law, to fail to constitute wilful and wanton misconduct.

The Illinois Supreme Court has defined wilful and wanton conduct in the following manner:

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." *Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300.

■■ The allegations that the plaintiff was medically and surgically treated by an untrained student and that the defendants improperly carried out that treatment and failed to secure parental consents do not in the context of the facts in this case demonstrate a reckless disregard for the safety of others. Count II of the complaint was properly stricken.

For the reasons expressed herein, the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

Affirmed in part, reversed in part.

LINN and ROMITI, JJ., concur.