(No. 52456.—

JAMES O'BRIEN, a Minor, Appellee, v. TOWNSHIP HIGH SCHOOL DISTRICT 214 *et al.*, Appellants.

*Opinion filed October 17, 1980.—Rehearing denied November 26, 1980.*

464

RYAN, UNDERWOOD and WARD, JJ., concurring in part and dissenting in part.

Ruff & Grotefeld, Ltd., of Chicago (John J. Reidy, of counsel), for appellants.

William D. Maddux, of William D. Maddux & Associates, of Chicago (Thomas H. Fegan, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Plaintiff, a minor, brought this action by his father and next friend for personal injuries against Township High

School District No. 214 (District), Ronald Freeman, Edward Cheatham and Hal Ross. The circuit court of Cook County granted defendants' motion to dismiss the complaint. The appellate court affirmed dismissal of that portion of the complaint which alleged wilful and wanton misconduct, but reversed the order dismissing that portion of the complaint which alleged negligence. (73 Ill. App. 3d 618.) We granted defendants leave to appeal.

Defendants contend that they should not be held liable for ordinary negligence in this instance. Plaintiff counters that his complaint states a good cause of action in negligence, and that his complaint sufficiently alleges wilful and wanton misconduct.

The facts are taken from plaintiff's fourth amended complaint, inasmuch as they have been admitted by defendants' motion to dismiss. (*Acorn Auto Driving School, Inc. v. Board of Education* (1963), 27 Ill. 2d 93, 96.) The individual defendants were agents and servants of the District, although Ross was not a teacher or other certificated educational employee. (It was not explicitly stated in the complaint, but all parties agree that Freeman and Cheatham were teachers or other certificated educational employees.) Plaintiff, on September 1, 1972, was a student at the District's high school. He had septicemia in his left knee as a result of an injury received off of school property during an activity unrelated to school.

Count I of the complaint alleged that the District, through its agents, the individual defendants, had students' injuries cared for by a student who was not a District employee and who attempted to treat plaintiff's left leg; that defendants were negligent in having an incompetent and untrained student provide medical and surgical care to plaintiff instead of seeking competent medical assistance; that defendants committed other specified acts or omissions in the course of providing treatment to plaintiff; and that plaintiff suffered severe and permanent injuries as a

result thereof. Count II of the complaint repeated the allegations of count I, but framed them in terms of wilful and wanton misconduct rather than ordinary negligence.

Defendants assert that the School Code provides teachers and other certificated employees with immunity from liability for ordinary negligence in the administration of medical treatment to students. Section 24—24 (Ill. Rev. Stat. 1971, ch. 122, par. 24—24), applicable to cities of less than 500,000 population, and section 34—84a (Ill. Rev. Stat. 1971, ch. 122, par. 34—84a), applicable to cities of more than 500,000 population, each provide, in pertinent part:

> "Teachers and other certificated educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

Initially, we note that this case is before us at the complaint stage, without proof or defenses, and we are therefore not presented with any question as to the individual defendants' scope of authority as agents of the District.

The above-quoted Code provision is expressly applicable only to teachers and other certificated educational employees and is, therefore, inapplicable to defendant Ross. Defendants nevertheless assert that the complaint should be dismissed as to Ross because of the complaint's failure to specify his role in the event in question. This could easily have been objected to in the trial court and, because it was not, it is waived. Ill. Rev. Stat. 1971, ch. 110, par. 42(3).

The quoted statutory provision, although inapplicable to Ross, extends *in loco parentis* status to teachers and

other certificated educational employees for " 'matters relating to the discipline in and conduct of the schools and the school children.' " (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 173.) This status confers immunity from liability for negligence arising out of such matters. To recover, the plaintiff must prove wilful and wanton misconduct. (63 Ill. 2d 165, 173.) The parties rely on *Kobylanski* and two subsequent cases decided by this court under the School Code provision in question (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47, and *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165), in support of their respective positions. In each of the three cases, the injury occurred during a school activity: a physical education class in *Kobylanski* and a school football game in both *Gerrity* and *Thomas*.

This factor distinguishes the situation here from the foregoing cases. These cases demonstrate that, although the *in loco parentis* status of teachers is not restricted to disciplinary matters, its application is limited to activities connected with the school program. The complaint herein alleges that defendants directed an incompetent and untrained student to provide medical and surgical treatment to plaintiff. We do not view such alleged actions to be within the category of activities connected with the school program. The injury which originally caused the condition in plaintiff's knee did not arise from any school-related activity. Furthermore, none of the defendants, according to the complaint, had the competence or training to administer medical treatment to plaintiff's leg. In this regard, such treatment is readily distinguishable from, for example, inspection of football equipment by a coach, which was held in *Thomas* to be subsumed within the coach's supervisory authority. (77 Ill. 2d 165, 171.) Teachers are not privileged to do everything that a parent may do. Any decision as to the necessity of medical treatment, at least of the type alleged to have been administered here, was for

the plaintiff's parents, rather than his teachers, to make in the first instance. In our opinion, the negligence alleged clearly went beyond and was totally outside the ambit of a teacher's supervisory function.

Moreover, public policy considerations that authorize and encourage teachers to have broad discretion and latitude in matters connected with school activities (*Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 52) do not apply once outside the realm of such activities. Indeed, public policy, as expressed in the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill. Rev. Stat. 1971, ch. 85, par. 6–106), militates in favor of holding public employees liable for negligently prescribing or administering treatment which causes injury. Interests of student-teacher harmony (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 171) must be sublimated to the interest of compensating a student injured as a result of a teacher's negligence when the latter has ventured outside his realm of training and competence. We hold, therefore, that the School Code does not clothe defendants with immunity from liability for the negligent actions alleged in plaintiff's complaint.

Although the defendants are the appellants herein, we may properly consider plaintiff's contention that his complaint was sufficient to allege wilful and wanton misconduct. (73 Ill. 2d R. 318(a).) Count II of the complaint contains the same factual averments as count I but frames them in terms of wilful and wanton misconduct. We note that it fails to specifically name the individual defendants in the paragraph setting forth the particular acts and omissions alleged to constitute wilful and wanton misconduct. When viewed in its entirety, however, count II sufficiently names each of the defendants, making it clear that plaintiff is seeking to hold all of the defendants liable for the acts alleged therein.

The standard for wilful and wanton negligence or mis-

conduct was recently reiterated in *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429, quoting cases cited therein:

> " ' "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care." ' "

Again quoting from an earlier case, the court further stated:

> " 'In view of the fact that it is a matter of degree a hard and thin line definition should not be attempted. As stated in *Mower v. Williams* [1949], 402 Ill. 486, [489-90], "[a]s to whether or not there has been wilful and wanton conduct in any given case necessitates close scrutiny of the facts as disclosed by the evidence, and while the rule of law does not vary, the facts to which the law is applicable always present divergent circumstances and facts which, in most instances, are wholly dissimilar." ' " *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 430, quoting *Myers v. Krajefska* (1956), 8 Ill. 2d 322, 329.

The complaint herein does not allege that defendants intentionally caused plaintiff's injury, but we cannot conclude that the allegations of the complaint, either singularly or in combination, are insufficient to establish defendants' reckless disregard for plaintiff's safety. Because of the necessity to closely scrutinize the facts of each case, plaintiff should be allowed to present evidence in support of his allegations of wilful and wanton misconduct. It was therefore error to strike count II of the complaint.

In sum, we hold that plaintiff's complaint, alleging

causes of action based on negligence and wilful and wanton misconduct against each of the defendants, is sufficient to withstand defendants' motion to dismiss. Accordingly, the judgment of the appellate court is affirmed in part and reversed in part, and the judgment of the circuit court is reversed. The cause is remanded to the circuit court for further proceedings consistent with the views expressed herein.

*Appellate court affirmed in part and reversed in part; circuit court reversed; cause remanded.*

MR. JUSTICE RYAN, concurring in part and dissenting in part:

While it is true that this case is before us on the pleadings, the record contains memoranda of both plaintiff and defendants in opposition to, and in support of, the defendants' motion to dismiss. Attached to the defendants' memoranda, as a part thereof, was a deposition of the plaintiff, James O'Brien, and also the school's answers to plaintiff's interrogatories. These show that the trial court was plainly correct in dismissing count I of plaintiff's fourth amended complaint as to the defendant school district and the two teachers, Ronald Freeman and Edward Cheatham.

On August 22, 1972, plaintiff James O'Brien fell in a locker room of a public swimming pool, which was not owned or used by the school district. He suffered an abrasion about the size of a half-dollar on his knee. He treated this injury at home that night by putting some Bactine on it. The next day was the first day of football practice at the high school, where he was enrolled as a first-year student. On the first day of practice the injury he had received on his knee the day before started to bleed. During practice, he asked defendant Ross, who was a student assistant trainer for the football team, to put

something on his injury. Ross sprayed a substance on it and wrapped it with a bandage, and plaintiff continued to practice. For the next several days the plaintiff did not treat the injury himself at home, but every other day Ross would change the bandage on it in the training room at school. Defendant Freeman looked at the injury "a couple of times" but said nothing. On Friday of the second week of practice, what the plaintiff describes as a boil developed at the site of the injury. The plaintiff practiced football that day, and after practice, in the training room, he showed the injury to Freeman, who said that it looked like an ingrown hair and that Ross would take care of it. Ross then put hot packs on it, opened it, cleaned it and rebandaged the injury. The complication developed thereafter.

The answers of the defendant school district to the plaintiff's interrogatories show that defendant Cheatham was employed by the school as an instructor in social science and as freshman football coach. Defendant Freeman was employed as an instructor in physical education and as athletic trainer. Defendant Ross was a student at the school. Although not employed by the school, he was permitted to assist Freeman as a student trainer. The answers to interrogatories also show that the school provided a substantial list of medical articles and supplies in the training room for first-aid use, and that first aid was administered in the training room.

This court has, in recent years, in three cases, delineated the limits of the immunity conferred upon teachers and school districts from suits for ordinary negligence by sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1973, ch. 122, pars. 24—24, 34—84a). The latter section applies to school districts in cities having a population in excess of 500,000. (See *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165; *Gerrity v. Beatty* (1978), 71 Ill. 2d 47; *Thomas v. Chicago Board*

*of Education* (1979), 77 Ill. 2d 165.) The relevant portions of the statute are set forth in the majority opinion. In *Thomas* we held that the immunity conferred by the statute is not lost because the program under supervision involved an extracurricular activity. (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 172.) In *Kobylanski* it was held that the immunity extends to all activities of the school program. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 172.) The majority opinion attempts to distinguish the holdings of these three cases by stating that they demonstrate that the *in loco parentis* status of teachers conferred by the statute is limited to activities connected with the school program. The opinion states that it does not view the actions of the defendants to be within the category of activities connected with the program of the school.

It appears that there are two factors which the opinion considers significant in reaching this conclusion. First, the opinion points out that the injury which originally caused the condition in the plaintiff's knee did not arise from a school-related activity. Second, the negligent acts complained of were outside the supervisory teacher's functions and outside his realm of training and competence.

I can see no relevance in whether the original injury did or did not arise from a non-school-related activity. The abrasion received at the swimming pool broke open and started to bleed while the plaintiff was practicing, and he requested first aid. It appears that, to that extent at least, the injury treated did arise out of a school activity, or at least was aggravated thereby. In any event, the right of one standing in the place of a parent or guardian to administer first aid should not depend upon whether the original injury which brought about the condition which requires attention arose out of an activity connected with the school. The protection afforded by

the statute conferring upon the teachers the status of a parent or guardian should not be so conditioned. Using an extreme example, if a student has a headache, the teacher, before administering two aspirin, should not have to inquire of the student whether the headache originated during the school day or if the student had the headache before coming to school. If a student is in need of first aid so that he or she can continue to participate in a school activity, it would appear to me that anyone standing in the place of a parent or guardian should administer first aid and that the protection afforded to the teacher by the statute should apply regardless of the origin of the injury.

I assume that the majority, in stating that the negligent acts complained of were outside the ambit of the teacher's supervisory function, meant that the teacher should not have been providing medical attention to the students or that he went beyond accepted limits in doing so. Every athletic and physical education department has its supplies and equipment necessary for administering first aid. Every coach and physical education teacher is called upon to treat minor injuries and ailments. Certainly, in doing so they are within the protection of the statute granting them immunity for acts of ordinary negligence. The majority opinion seems to say, however, that there is a point in the performance of these functions beyond which a teacher, if he ventures, loses this protection. In our case the argument would seem to be that it is permissible to clean, medicate and bandage the abrasion on the plaintiff's knee, and in doing so the teachers enjoy the protection of the statute. However, as a part of the same program, the teacher who, thinking that a boil or some other infection is an ingrown hair, directs the student trainer to open it has gone beyond his area of competence and training and loses the protection of the statute. I cannot agree with this reasoning. The teacher may well have been negligent, or even guilty of wilful and wanton

conduct, in having the infected area of the plaintiff's knee opened and treated by someone not trained in medicine. However, his conduct does not determine if the activity is a part of the school program. Administering first aid as a part of an athletic program plainly comes within the ambit of an activity of the school. The statute confers upon the teacher the status of a parent or guardian in all such matters. The teacher may have ventured outside the realm of his training and competence and, as stated above, he may have performed his duties negligently or wilfully and wantonly, but this does not remove the activity of administering first aid from being a legitimate part of the school program.

In *Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, this court stated the public policy considerations relevant to protecting teachers from liability for the performance of their duties in a negligent manner, and stated:

> "[W]e would burden them to the extent that a teacher might become immobile in the performance of his obligations. They would 'not be free and unhampered in the discharge of their duties, since they would live in fear that each judgment they made would bring a lawsuit.' (Judge, *Tort Immunity Act: Only Certain Immunities Are Waived by Public Entity's Purchase of Insurance,* 63 Ill. B.J. 386, 387 (1975).) Moreover, a proliferation of such actions for negligence would drain teachers' time, encourage second-guessing teachers' judgment by courts, and quite possibly discourage persons from the career of teaching." (*Thomas v. Chicago Board of Education* (1979), 77 Ill. 2d 165, 172.)

I fear that if the teachers have to determine whether or not the origin of the ailment was related to a school activity before administering first aid, or whether removing

an ingrown hair or opening a pimple exceeds the permissible bounds of treatment, they will be so immobilized in the performance of their duties that the fear expressed in the above quotation will be realized.

As to defendant Ross, since he was not a teacher or other certified educational employee, the protection of the statute does not extend to him and the plaintiff's negligent action as to him can be maintained. I also agree that count II of the complaint based on wilful and wanton conduct can be maintained against the defendants and that that count should not have been stricken.

UNDERWOOD and WARD, JJ., join in this partial concurrence and partial dissent.