**Armando GAMBINO, Plaintiff,**

**v.**

**MUSIC TELEVISION, INC., Mega Tours, Inc., Viacom International, et al., Defendants.**

**No. 94–181–CIV–FTM–17D.**

United States District Court, M.D. Florida, Fort Myers Division.

July 1, 1996.

James Sebastian Puccio, Puccio & Associates, Ft. Myers, FL, for plaintiff.

John W. Lewis, Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, FL, R. Michael DeLoach, R. Michael DeLoach, P.A., Brandon Palms Professional Center, Brandon, FL, for defendants.

### *ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

KOVACHEVICH, Chief Judge.

**THIS CASE** is before the Court on Defendants' Motion for Final Summary Judgment (Docket No. 48), and Plaintiff's response (Docket No. 50).

### I.  STANDARD OF REVIEW

■ A motion for summary judgment should only be entered where the moving party has sustained its burden of showing that there is no genuine issue of material fact in dispute when all the evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). Additionally, the United States Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), that the plain language of Rule 56(c), Fed.R.Civ.P., mandates summary judgment after: "adequate time for discovery and upon motion, against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial." *Id.* at 317, 106 S.Ct. at 2549, 91 L.Ed.2d at 273. The Supreme Court also held that the nonmoving party must go beyond the pleadings, pursuant to Rule 56(e), in establishing whether there are specific facts showing there is a genuine issue for trial. *Id.* at 323–24, 106 S.Ct. at 2552–53, 91 L.Ed.2d at 274.

### II.  FACTS

On June 7, 1992, Plaintiff, ARMANDO GAMBINO, was injured when he fell off monkey bars which were part of an obstacle course set up for a sports festival which Defendants sponsored and organized. As a result of this fall, Plaintiff, was injured.

Prior to participating in Defendants' sports festival, Plaintiff signed a registration form which contained an exculpatory clause barring Plaintiff from asserting any claims against Defendants for injuries he incurred while participating in the sports festival.

### III.  DISCUSSION

In its Motion for Final Summary Judgment, Defendants argue that because Plaintiff signed an exculpatory clause releasing Defendants from liability, Plaintiff is barred from bringing this cause of action. Defendants maintain they are entitled to a final summary judgment as a matter of law.

■ Under Illinois law, a person may by contract avoid liability for his or her negligence. *Larsen v. Vic Tanny International*, 130 Ill.App.3d 574, 85 Ill.Dec. 769, 474 N.E.2d 729 (5th Dist.1984) (citing *Jackson v. First National Bank*, 415 Ill. 453, 114 N.E.2d 721 (1953)). In the "absence of fraud or willful and wanton negligence, exculpatory contracts will be enforced...." *Id.; Falkner v. Hinckley Parachute Center*, 178 Ill. App.3d 597, 127 Ill.Dec. 859, 862, 533 N.E.2d 941, 944 (2 Dist.1989).

### A.  Wanton and willful conduct.

■ In his Response to Defendants' Motion for Final Summary Judgment, Plaintiff

asserts that Defendants, through their omissions and acts, show a willful and wanton disregard for the safety of Plaintiff. Agreements exculpating from the results of willful and wanton misconduct are illegal. *Falkner v. Hinckley Parachute Center,* 178 Ill.App.3d 597, 127 Ill.Dec. 859, 533 N.E.2d 941 (2 Dist. 1989). "A willful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others...." *O'Brien v. Township High School,* 83 Ill.2d 462, 47 Ill.Dec. 702, 705, 415 N.E.2d 1015, 1018 (1980) (citing *Lynch v. Board of Education,* 82 Ill.2d 415, 45 Ill.Dec. 96, 412 N.E.2d 447 (1980)).

■ Plaintiff's Complaint does not allege willful and wanton misconduct. Nor does Plaintiff specifically allege that Defendants intentionally or recklessly caused Plaintiff's injury. In Plaintiff's Complaint, Plaintiff does not mention or imply Defendants consciously and knowingly disregarded Plaintiff's safety. The Court cannot identify the acts or omissions which Plaintiff considers wanton and willful misconduct. Therefore, the Court finds that the agreement between the parties exculpating Defendant from liability is enforceable.

## B. Unclear exculpatory clause.

■ Plaintiff next contends that the exculpatory clause was not explicit because it did not provide an adequate description of the covered activities. An exculpatory clause does not shield a defendant from liability if the language of the clause is ambiguous with respect to which activities are covered. *Masciola v. Chicago Metropolitan Ski Council,* 257 Ill.App.3d 313, 195 Ill.Dec. 603, 608, 628 N.E.2d 1067, 1072 (1 Dist.1993). In support of his argument, Plaintiff points out that the exculpatory clause did not specifically state that Plaintiff waived liability to fall from slippery, sweaty, and slick monkey bars that were negligently maintained, nor did the exculpatory clause specify that the pit under the monkey bars was not going to be cushioned or filled with water as it appeared it would, or should have been.

■ The type of negligent act from which a person expressly agrees to excuse another

need not be foreseen with absolute clarity. *Larsen v. Vic Tanny International,* 130 Ill. App.3d 574, 85 Ill.Dec. 769, 772, 474 N.E.2d 729, 732 (5th Dist.1984); *see also Schlessman III v. Henson,* 83 Ill.2d 82, 46 Ill.Dec. 139, 413 N.E.2d 1252 (1980) ("The parties may not have contemplated the precise occurrence which resulted in plaintiff's accident, but this does not render the exculpatory clause inoperable."); *Falkner v. Hinckley Parachute Center,* 178 Ill.App.3d 597, 127 Ill.Dec. 859, 533 N.E.2d 941 (2 Dist.1989) (finding that it is not necessary for the parties to anticipate the precise circumstances which will result in the accident).

Here, however, contrary to Plaintiff's contention, the exculpatory provision is fairly clear. It provides, in pertinent part, "I assume all risks associated with competing in the MTV Sports Festival including, but not limited to, *falls...*." Accordingly, this Court finds that Plaintiff's injury is a type that was intended to fall within in the scope of the exculpatory clause. The danger to which Plaintiff was subjected was of a type intended by the parties to be excused by the exculpatory clause.

Lastly, Plaintiff maintains that the absence of a title labeling the exculpatory clause as such resulted in the clause being vague and ambiguous, so that a person of ordinary senses would not expect to have waived any right to an action against the Defendants. This argument, however, does not present an issue of material fact precluding summary judgment.

Although a title labeling the exculpatory clause as such might provide more clarity as to its subject matter, the language of the clause clearly sets forth its function: "I, for myself and anyone entitled to act on my behalf, waive and release the MTV SPORTS FESTIVAL, county and city officials and organizations, and all sponsors, their representatives and successors from all claims or liabilities of any kind arising from my participation in this event even though that liability may arise out of negligence or carelessness on the part of the persons named in this waiver." There is no vagueness nor ambiguity in this statement.

Accordingly, this Court **grants** Defendants' Motion for Final Summary Judgment (Dkt. 48), and the Clerk of the Court is **directed** to enter judgment for Defendants.

**DONE and ORDERED.**