Laury Chimerofsky, a Minor, by His Father and Next Friend, Jack Chimerofsky, Plaintiff-Appellant, v. School District No. 63, Cook County Board of Education of School District No. 63, and Village of Niles, Defendants-Appellees.

Gen. No. 53,396.

First District, Fourth Division.

March 11, 1970.

Jurco, Damisch & Sinson, of Chicago (Junie L. Sinson and James R. Mitchell, of counsel), for appellant.

Joseph A. Bailey, of Chicago (Eugene F. McMahon, of counsel), for appellees.

MR. PRESIDING JUSTICE STAMOS delivered the opinion of the court.

The trial court dismissed a complaint for failing to state a cause of action and judgment was entered in favor of defendant. Plaintiff appeals from that judgment.

The cause of action was predicated upon personal injuries sustained by Laury Chimerofsky, 3½ years of age, when he fell from a playground slide located on property owned and maintained by the School District. The Village of Niles was dismissed by stipulation in the trial court.

Plaintiff contends that:

(a) the court erred in dismissing the complaint when no written motion was pending;

(b) defendant waived any defects in the complaint by filing an Answer; and

(c) the complaint did not utterly fail to state a cause of action and hence was improperly dismissed.

The complaint alleged, inter alia, that defendant maintained a playground with various playground equipment, including the higher of two slides which was inherently attractive to young children. Large numbers of children were attracted to the playground, which was unprotected by any fence or barricade and was unguarded

and unsupervised. Defendant knew or should have known that young children, because of their childish impulses, lack of experience and judgment were exposed to great and unusual danger by their playing on the higher slide.

Plaintiff specifically alleged that defendant carelessly and negligently:

1. maintained the higher of the two slides with knowledge that young children played upon the higher slide which was dangerous and unsafe;
2. failed to warn young children of the danger of playing on the higher slide;
3. failed to provide a guard, supervisor, watchman or other employee to prevent young children from climbing on the higher slide; and
4. failed to fence, barricade or otherwise impede young children from having access to the higher slide.

Defendant filed an Answer admitting knowledge that young children utilized the playground and slide and that it was designed to attract them, but denied that any child was exposed to great and unusual danger by playing upon the higher slide. Defendant denied all the allegations of negligence.

Eventually the litigation was assigned for trial and upon appearance before the court, the parties and the court entered into a protracted discussion of the merits of the pleadings. The court suggested that the parties research the applicable law and present it to the court for a determination of the legal sufficiency of the complaint. The following day, the court and both counsel again discussed the legal sufficiency of the complaint and each party argued the merits of their contentions. Defendant made an oral motion for judgment on the pleadings and subsequently, a motion to dismiss for failure to state a cause of action. After hearing arguments the court held that the complaint failed to state a cause

of action and was legally insufficient. An order was thereupon entered dismissing the complaint and directing that the parties shall go without day.

Plaintiff contends that the court erred in entertaining defendant's oral motions and argues that the procedure of the trial court nullified the statutory requirements of specificity, notice and timeliness regarding motions. There was no objection by plaintiff to the procedures before the trial court.

Section 42(3) of the Civil Practice Act states that all defects in form or substance not objected to in the trial court are waived. A motion is a pleading. As a general rule objections to a pleading may be waived by failure to urge the objection at the proper time and in the proper manner or by any act which, in legal contemplation, implies an intention to overlook it. 71 CJS, Pleadings, p 1128, § 563a. The parties and the court proceeded in a most informal manner in the raising and disposition of the issues. See Haynes v. Multi-State Inter-Insurance Exchange, 40 Ill App2d 167, 189 NE2d 369 (Abst opinion) (1963). We are aware that in Haynes, supra, defendant advised plaintiff he was going to make a motion to dismiss the following day, but this distinction is not controlling in the evaluation of plaintiff's contentions in the case before us.

Plaintiff also contends that defendant, by filing an Answer, waived any defects in the complaint. However, defendant made a motion for judgment on the pleadings and the court's order in substance responded to this motion.

In Swidler v. Litvin, 107 Ill App2d 227, 246 NE2d 895 (1969), the court said at page 230:

"Section 45(5) of the Civil Practice Act (Ill Rev Stats 1967, ch 110, § 45(5)), provides that any party may seasonably move for judgment on the pleadings. After the motion is made, the court must

examine the pleadings to determine if a factual issue exists or if the matter can be resolved solely as a matter of law. (Citing cases.) A motion for judgment on the pleadings raises the question of whether there is any issue of material facts presented by the pleadings and, if there is no such issue, the question as to which party is entitled to judgment."

Plaintiff also contends that the complaint did not utterly fail to state a cause of action, and hence was improperly dismissed.

■ A plaintiff in tort litigation for personal injuries must allege facts in the complaint from which the law will raise a duty. The social utility of furnishing playground slides for the pleasure and enjoyment of children is a commendable function of governmental bodies at all levels. The existence in this State of the many unsupervised public playgrounds and public recreational facilities that provide playground slides is common knowledge.

The cost and burden of supervising or maintaining each of these facilities and requiring children to be sorted out because of age, height, weight and attitude and directed to and from higher and lower playground slides would be such a burden and duty, in view of the risk involved, to require elimination of most such facilities in this State.

Plaintiff relies principally upon Kahn v. James Benton Co., 5 Ill2d 614, 126 NE2d 836 (1955), and its related cases, and contends that defendant in the exercise of reasonable care should have foreseen injury to young children playing upon the higher slide and thus had a duty to warn them, supervise the playground, fence it and preclude access by younger children to the higher slide.

However, in Lance v. Senior, 36 Ill2d 516, 224 NE2d 231 (1967) the court said at page 518:

"After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and the consequences of placing that burden upon the defendant, must also be taken into account."

In Kahn, supra, at page 622 the court said:

"The creator of certain conditions dangerous and hazardous to children because of their immature appreciation of such dangers and hazards must be held to a certain standard of conduct for the protection of such children in accordance with the attendant circumstances and conditions. Account must be taken of the cost and burden of taking precautionary measures and of the right of families and society to rear and develop children with freedom of activity in their communities, *without being subject to unreasonable risks* which might cause serious injury or death to such children." (Emphasis supplied.)

The risk that children will climb upon and fall from an admittedly nondefective standard playground slide is not an "unreasonable risk" so as to produce a duty within the meaning of Kahn to require defendant to fence, guard or supervise the playground slide or warn plaintiff against its use. See Sydenstricker v. Chicago & North Western Ry. Co., 107 Ill App2d 427, 247 NE2d 15 (1969). We therefore affirm the judgment.

Judgment affirmed.

DRUCKER and LEIGHTON, JJ., concur.