JOSEPH YOUNG, a Minor by Andra Young, his Mother and Next Friend, Plaintiff-Appellee, v. CHICAGO HOUSING AUTHORITY, Defendant-Appellant.

First District (4th Division)   No. 86—3598

Opinion filed September 30, 1987.

Jones, Ware & Grenard, of Chicago (Mitchell Ware, Frank M. Grenard, Renee Atlas, and David S. Allen, of counsel), for appellant.

Michael Schaffner & Associates, of Chicago (David C. Feinartz, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Joseph Young, by his mother and next friend, Andra Young, brought an action in the circuit court of Cook County against defendant, the Chicago Housing Authority. Plaintiff sought damages for injuries that he sustained in falling from playground equipment, commonly referred to as monkey bars, located in a playground that defendant owns. Defendant moved to dismiss plaintiff's third amended complaint. The trial court dismissed only a portion of the complaint and certified the following question for review:

"Whether allegations that a public entity installed 'monkey bars' upon a concrete surface and failed to remove or replace the concrete surface with a softer surface after children had allegedly been injured after falling onto the concrete surface is willful and wanton and wanton [*sic*] misconduct to overcome the immunity granted by Section 3—106 of the Tort Immunity Act of Illinois."

We reverse and remand with directions.

Defendant moved to dismiss plaintiff's third amended complaint under section 2—619(a)(9) of the Code of Civil Procedure, which provides that a defendant may move to dismiss an action on the ground that a claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9).) Defendant argues that it owed no legal duty to plaintiff to replace the concrete surface under the monkey bars with a softer surface.

"Affirmative matter" includes something in the nature of a defense that completely negates the alleged cause of action. A motion to dismiss pursuant to section 2—619 admits all well-pleaded facts and all reasonable inferences therefrom favorable to the plaintiff. The absence of a legal duty to a plaintiff is an affirmative defense and, thus, appropriate for a section 2—619 motion. *Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 817, 497 N.E.2d 348, 350.

Plaintiff alleged that on September 2, 1983, he was five years old and playing in a playground owned by defendant, located at 1132 East 42nd Street, in Chicago, Illinois. He was playing on monkey bars built on the playground and fell onto the concrete surface, sustaining injuries.

Plaintiff filed his third amended complaint on March 3, 1986. He alleged that defendant owed him the duty of maintaining its playground, including the monkey bars, with reasonable care so that those in the playground and playing on the monkey bars would not be injured. Plaintiff further alleged that defendant breached this duty by one or more of the following willful and wanton acts or omissions, which proximately caused his injuries:

"[8]a. Willfully and wantonly failed to restrict the use of \*\*\* said climbing apparatus, to appropriate childrens' age groups.

b. Willfully and wantonly caused the \*\*\* monkey bars to be installed upon a concrete surface under circumstances wherein the Defendant knew that children had and would be injured as a result of falling upon the concrete surface.

c. Willfully and wantonly permitted the climbing apparatus

to remain with a concrete surface after the Defendant had knowledge that the installation of a softer surface under the climbing apparatus area could soften the fall and reduce the nature and likelihood of personal injury from a fall from the climbing apparatus.

d. Willfully, wantonly and knowingly failed to act upon the guidelines for playground equipment and surfacing of the U.S. Consumer Products Safety Commission ***."

Defendant moved to dismiss plaintiff's third amended complaint. On December 16, 1986, the trial court dismissed only paragraphs 8(a) and 8(d), and certified the above-quoted question for review. We granted leave to appeal (107 Ill. 2d R. 308), and we now answer the question in the negative.

Both parties agree on the applicable legal principles. Defendant is a governmental entity subject to the Local Governmental and Governmental Employees Tort Immunity Act (the Act) (Ill. Rev. Stat. 1983, ch. 85, par. 1—101 *et seq.*). Under the Act generally, "a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition." (Ill. Rev. Stat. 1983, ch. 85, par. 3—102(a).) However, when liability is based on a condition of any public park, playground, or recreational area, a local public entity is liable only when it is guilty of willful and wanton misconduct proximately causing the injury. (Ill. Rev. Stat. 1983, ch. 85, par. 3—106.) The certified question before us, emanating from paragraphs 8(b) and 8(c) of plaintiff's third amended complaint, asks whether defendant is guilty of willful and wanton misconduct by maintaining monkey bars on a concrete surface in its playground, knowing that children had fallen and would fall from the monkey bars onto the concrete, or by failing to replace the concrete with a softer surface, reducing the likelihood of an injury from such a fall.

Before we reach the question of willful and wanton misconduct, however, we must first determine whether defendant owed a duty to plaintiff. "It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff." *Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 97, 306 N.E.2d 39, 40.

In a recent case, containing facts that are nearly identical to those in this cause, we held that the defendant playground owner did not owe a duty to the minor plaintiff. In *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 507 N.E.2d 19, plaintiff, a six-year-old girl, attempted to turn around in the middle of a playground slide, but fell onto the asphalt surface and sustained in-

juries. She sued the owner and the manager of the playground, alleging that defendants owed to her a duty to reasonably maintain the playground and that they breached their duty by not installing the slide on a surface softer than asphalt. The trial court granted summary judgment to defendants. 154 Ill. App. 3d 482, 483-84, 507 N.E.2d 19, 20-21.

We affirmed, agreeing with the trial court that defendants owed no duty to plaintiff to have placed the slide on a softer surface. We noted the general rule that infants "have no greater rights to go upon the land of others than adults, and that their minority of itself imposes no duty upon the occupier of land to expect them or prepare for their safety." *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836, 841, cited in *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, 21.

■ We further noted the exception where the owner knows or should know that young children frequent the area and a dangerous condition on the land caused the child's injury. A "dangerous condition" is one that is likely to cause injury to children who are incapable of appreciating the applicable risks due to their age and immaturity. There is no duty to remedy the condition, however, if it involves obvious risks that a reasonable person would expect children to appreciate and avoid. (154 Ill. App. 3d 482, 484-85, 507 N.E.2d 19, 21, citing *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 325-27, 383 N.E.2d 177, 179-80.) In light of those principles, we held that the slide on the asphalt surface was not a dangerous condition because the risk that the slide presented to children was obvious.

The facts in *Alop* vary from those in the instant case on two minor points. The child in *Alop* abused the instrumentality by attempting to turn around in the middle of the slide. In the instant case, plaintiff alleged that while he was playing on the monkey bars, "he was at all times exercising due care and caution for a five year old child with like age, education and experience." The child in *Alop* also was playing without adult supervision. We stated essentially that if the child was old enough to play without adult supervision, then he was old enough to appreciate certain obvious risks. (*Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 486, 507 N.E.2d 19, 22.) In the instant case, plaintiff's third amended complaint is silent on whether he was playing on the monkey bars with or without adult supervision.

■ We nevertheless consider the holding and reasoning of *Alop* to be controlling in the case at bar. Although *Alop* contained the above-mentioned differences with the facts here, they were minor and

not central to our opinion. Rather, the same commonsense principle applies to both cases: if you fall, you might get hurt. This is an obvious risk that children generally encounter in their daily lives when at a playground. A five-year-old child knows that if he or she falls from a height onto concrete while, *e.g.*, playing on monkey bars, he or she probably will get hurt. Accordingly, we hold that the allegations in paragraphs 8(b) and 8(c) of plaintiff's third amended complaint do not amount to willful and wanton misconduct and, thus, do not overcome the immunity granted by section 3—106 of the Act. Ill. Rev. Stat. 1983, ch. 85, par. 3—106.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded with directions that the court dismiss the action.

Reversed and remanded with directions.

LINN and JIGANTI, JJ., concur.