ROGELIO SALINAS *et al.*, Adm'rs of the Estate of Evelia Salinas, Deceased, Plaintiffs-Appellants, v. CHICAGO PARK DISTRICT, Defendant-Appellee.

First District (2nd Division) No. 1—88—1059

Opinion filed September 19, 1989.

56

Alan C. Mendelson, of Chicago, for appellants.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Philip W. Domagalski, Nancy Jo Arnold, and James F. Donovan, of counsel), for appellee.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiffs, Rogelio and Socorro Salinas, as administrators of the estate of their daughter, Evelia Salinas, sought recovery from defendant, the Chicago Park District, for the injuries and wrongful death of Evelia caused by her fall from a slide located on property owned and maintained by defendant. Following the circuit court's grant of summary judgment in favor of defendant, plaintiffs appealed, raising two issues: (1) whether the circuit court erred in ruling that no triable issue of fact existed, and (2) whether the circuit court erred in determining that defendant owed no duty of care to their daughter, who, plaintiffs contend, should have been treated as a child of tender years.

According to the deposition of her mother, Evelia, eight years old

at the time of her fall, was a "mongoloid" child, which she understood to mean that Evelia would develop very slowly. Between the ages of four and five, Evelia attended Morris Inter-American Magnet School, described by her mother as a "special" school; she then attended three years of kindergarten at Louis J. Agassiz School. Evelia suffered from poor speech, which only her mother could understand. Evelia did not receive any special education schooling or services during the summer.

On July 28, 1982, her mother took Evelia to a Chicago Park District park located at Racine and Draper, where the two of them were in the habit of going at least once or twice a week. In the park there was a slide, approximately five feet high with eight steps leading to a large circular platform on the top which was one step above the eighth, or top step.

Evelia walked over to the slide and began climbing the stairs. Her mother was watching as Evelia started to climb and last saw her when she was on the fourth step climbing to the fifth. Her mother turned to speak to a friend and then turned back when she heard Evelia strike the ground. Evelia was taken to Children's Memorial Hospital, where she died on August 12, 1982, as a result of head injuries sustained in the fall.

Defendant moved for summary judgment on the grounds that it owed no duty to protect Evelia from the fall and that plaintiff had offered no evidence that any defect in the slide proximately caused the accident. On March 1, 1988, following submission of memoranda by both parties and a hearing, the circuit court granted the motion for summary judgment. For the following reasons, we affirm.

## I

Plaintiffs first contend that whether the unsafe and defective condition of the slide proximately caused Evelia to fall is a triable issue of fact. In support of this contention, plaintiffs presented the testimony of Theodora Briggs Sweeney, a consultant in the area of playground safety. Sweeney offered her opinion that the platform of the slide was defectively installed because there was a bar across the very top of the stairs which made it difficult for children to gain access to the platform. She also stated that the asphalt surface beneath the slide was an unsuitable surface and created a dangerous condition which children could not appreciate.

■ Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005(c); *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, citing *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) In order to withstand a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact. (*Murphy v. Urso* (1980), 83 Ill. App. 3d 779, 404 N.E.2d 287, *aff'd in part, rev'd in part on other grounds* (1981), 88 Ill. 2d 444, 430 N.E.2d 1079.) Absent an abuse of discretion by the trial court, summary judgment will not be reversed. *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.

█▌ █ If a slide is defective and the defect causes a fall, a landowner may be liable for injuries incurred. (*Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 520 N.E.2d 62; *Kirby v. Macon Public School District No. 5* (1988), 169 Ill. App. 3d 416, 523 N.E.2d 643.) However, proximate cause can be established only where there is reasonable certainty that defendant's acts caused the injury. (*Salinas v. Werton* (1987), 161 Ill. App. 3d 510, 515 N.E.2d 142; *Kimbrough v. Jewel Cos.* (1981), 92 Ill. App. 3d 813, 416 N.E.2d 328.) Where, from the proven facts, the nonexistence of the fact to be inferred appears to be just as probable as its existence, then the conclusion that it exists is a matter of speculation, surmise, and conjecture, and a trier of fact cannot be allowed to draw it. *Consolino v. Thompson* (1984), 127 Ill. App. 3d 31, 468 N.E.2d 422; see also *Lewis v. Mount Greenwood Bank* (1980), 91 Ill. App. 3d 481, 414 N.E.2d 1079.

█ In this case, as the circuit court noted, it cannot be determined from the evidence presented whether Evelia fell from the stairs, while trying to enter the platform, or from the platform itself. There is no evidence as to where Evelia was at the time of her fall or as to what caused her fall. Because there was no evidence that Evelia climbed all of the stairs and attempted to climb from the last stair to the platform, a finding that she fell as a result of any defect in the platform would be based upon conjecture and speculation. *Consolino v. Thompson*, 127 Ill. App. 3d 31, 468 N.E.2d 422.

*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 515 N.E.2d 157, relied upon by plaintiffs, is inapposite. There, a co-worker witnessed McKanna's actions immediately prior to the crucial instant; he saw McKanna place his hand on the hatchway cover and saw him turn around to descend the ladder; he then peripherally saw McKanna fall. (*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 527, 515 N.E.2d 157.) Those actions permitted a reasonable in-

ference that McKanna intended to descend the ladder. Additionally, there was evidence of dangerous defects throughout the ladder, especially near the top, where McKanna was last seen. (*McKanna v. Duo-Fast Corp.* (1987), 161 Ill. App. 3d 518, 527, 515 N.E.2d 157.) Here, the testimony of her mother was that Evelia was last seen on the fourth step, not near the allegedly defective platform. In contrast to the evidence that McKanna had reached the defective ladder, no evidence was presented here that Evelia had reached the allegedly defective platform.

■ Furthermore, our courts have held that an asphalt surface beneath a slide is, in itself, an inadequate basis for liability. (*Alop v. Edgewood Valley Community Association*, 154 Ill. App. 3d 482, 507 N.E.2d 19; *Chimerofsky v. School District No. 63* (1970), 121 Ill. App. 2d 371, 257 N.E.2d 480.) Therefore, the presence of the asphalt surface here was an insufficient reason to deny summary judgment.

■ Finally, plaintiffs contend that summary judgment was improperly granted because there was evidence that the stairs to the slide were defective because they were too steep. We note that in her deposition, Sweeney stated that, from her view of photographs, the stairs "may have been too steep for the recommended angles" but that it may merely "be at the upper edge of the limit." Aside from the conjectural nature of that evidence, we conclude that the circuit court properly granted summary judgment because there is no evidence that any defect in the stairs caused Evelia's fall.

## II

Plaintiffs next assert that, because of her alleged physical and mental handicaps, Evelia must be treated as a child of tender years in determining whether any liability should be imposed on defendant. Plaintiffs maintain that because the risk of suffering a fatal head injury was an unreasonable risk of harm which could not be appreciated by Evelia, the circuit court erred in determining that, as a matter of law, defendant owed no duty to this particular child.

■ The determination of whether a duty exists is an issue of law to be determined by the court. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387; *Cunis v. Brennan* (1974), 56 Ill. 2d 372, 373-74, 308 N.E.2d 617.) When, as a matter of law there is no duty owed to the plaintiff by the defendant, the defendant is entitled to judgment. *Hootman v. Dixon* (1984), 129 Ill. App. 3d 645, 472 N.E.2d 1224.

■ ■ A landowner has a duty to protect children on its premises from harm only if the landowner has reason to know that chil-

dren are likely to come upon the land where a dangerous condition exists and that the dangerous condition is likely to harm children who, because of their immaturity, might be incapable of appreciating the risk involved. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 325-26, 383 N.E.2d 177; *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 625, 126 N.E.2d 836.) Generally, a landowner owes no duty to a child for the obvious risk of falling off a slide. *Alop v. Edgewood Valley Community Association*, 154 Ill. App. 3d 482, 507 N.E.2d 19.

 Plaintiffs argue, however, that because Evelia was mentally handicapped, she should be exempt from the general rule. Although it has been held that when determining a mentally impaired adult's appreciation of danger, he should be treated as a child (*Barnes v. Washington* (1973), 56 Ill. 2d 22, 305 N.E.2d 535), the issue of how a mentally and physically handicapped child should be treated has not previously been addressed. However, when ascertaining a child's appreciation of danger, our courts do not consider the subjective understandings and limitations of the child when a risk is deemed obvious to children generally. (See *Christon v. Kankakee Valley Boat Club* (1987), 152 Ill. App. 3d 202, 504 N.E.2d 263; *Young v. Chicago Housing Authority* (1987), 162 Ill. App. 3d 53, 515 N.E.2d 779; *Knapp v. City of Decatur* (1987), 160 Ill. App. 3d 498, 513 N.E.2d 534; *Bazos v. Chouinard* (1981), 96 Ill. App. 3d 526, 421 N.E.2d 566; *Chimerofsky v. School District No. 63*, 121 Ill. App. 2d 371, 257 N.E.2d 480.) An undue burden would be placed on landowners in requiring them to focus on a minor's subjective inability to appreciate a risk. *Swearingen v. Korfist* (1989), 181 Ill. App. 3d 357, 362, 537 N.E.2d 365.

 A landowner owes no duty to a child if children of similar age and experience would be able to appreciate the dangers on the premises. (*Newby v. Lake Zurich Community Unit, District 95* (1985), 136 Ill. App. 3d 92, 482 N.E.2d 1061; *Warchol v. City of Chicago* (1979), 75 Ill. App. 3d 289, 393 N.E.2d 725.) There is no duty on the part of a landowner to remedy obvious risks which children know or should know are present, because they are expected to avoid dangers which are obvious and therefore no reasonably foreseeable risk of harm exists. *Cope v. Doe*, 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 383 N.E.2d 177; *Alop v. Edgewood Valley Community Association*, 154 Ill. App. 3d 482, 507 N.E.2d 19.

 Evelia was eight years old at the time of her injury. She had attended school for several years, was in kindergarten, visited

the park regularly with her mother, and had played on the very slide from which she fell. Under these circumstances, Evelia should have been able to appreciate the dangers involved in falling from the slide. *Alop v. Edgewood Valley Community Association*, 154 Ill. App. 3d 482, 507 N.E.2d 19; *Chimerofsky v. School District No. 63*, 121 Ill. App. 2d 371, 257 N.E.2d 480. See also *Cope v. Doe*, 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville*, 73 Ill. 2d 316, 383 N.E.2d 177; *Young v. Chicago Housing Authority*, 162 Ill. App. 3d 53, 515 N.E.2d 779; *Knapp v. City of Decatur*, 160 Ill. App. 3d 498, 513 N.E.2d 534.

▇▇ Moreover, if a child is too young chronologically or mentally to be "at large," the duty to supervise that child as to obvious risks lies primarily with the accompanying parent. (*Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 494; *Kay v. Ludwick* (1967), 87 Ill. App. 2d 114, 230 N.E.2d 494.) Here, Evelia was accompanied by her mother, who allowed her to climb the slide without any physical help or visual observation. Application of a subjective standard in cases such as this would expose landowners to new risks, relieve an accompanying parent of a duty to supervise, and be contrary to the standards stated in other decisions. See, *e.g.*, *Alop v. Edgewood Valley Community Association*, 154 Ill. App. 3d 482, 507 N.E.2d 19; *Driscoll v. C. Rasmussen Corp.*, 35 Ill. 2d 74, 219 N.E.2d 494.

For the reasons stated, we conclude that the circuit court properly granted defendant's motion for summary judgment.

The judgment of the circuit court is affirmed.

Affirmed.

BILANDIC, P.J., and SCARIANO, J., concur.