DONALD SCHNERING, a Minor, by Debra Schnering, his Mother and Next Friend, Plaintiff-Appellant, v. MIDLOTHIAN PARK DISTRICT, Defendant-Appellee.

First District (1st Division)   No. 1—89—2559

Opinion filed June 17, 1991.—Modified on denial
of rehearing October 15, 1991.

Patrick Mahoney & Associates, P.C., of Chicago (Thomas A. Goldrick, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Gerald L. Maatman, Jr., Robert W. Smyth, Jr., and Maureen J. McGinnis, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Minor-plaintiff, Donald Schnering, appeals from an order of the circuit court of Cook County granting defendant Midlothian Park District's (Park District's) motion for summary judgment.

The record on appeal discloses the following. On May 11, 1985, plaintiff, who was 4½ years old, went to Bremen Heights Park with his baby sitter. Plaintiff was not allowed to go to a park alone. Plaintiff went over to the "Frontier Outpost," which is essentially a platform or deck elevated approximately four feet above a dirt surface. The platform has a hole through which one can gain access to the deck by means of a ladder. A telescope is mounted at each corner of the deck.

Plaintiff had never been to this park previously and had never been on a "Frontier Outpost" before. Nevertheless, plaintiff climbed the ladder to the deck, where he attempted to use one of the telescopes. Upon finding the telescope blocked, plaintiff began to cross the deck to one of the other telescopes. While crossing, plaintiff fell through the hole in the deck to the ground below. Plaintiff suffered a fractured right femur, which required surgical pinning and traction.

Subsequently, plaintiff filed a complaint against defendant Park District, which owned and maintained the property in question, alleging negligence in count I and willful and wanton misconduct in count II. Other counts of plaintiff's complaint purport to allege various causes of action against defendant Miracle Recreational Equipment Company, the manufacturer of the "Frontier Outpost." None of the claims against Miracle Recreational Equipment Company are before this court.

Defendant Park District filed a motion for summary judgment pursuant to section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005). The Park District argued that it owed no duty to plaintiff. Following a hearing on the motion, the trial court granted summary judgment in favor of the Park District. This appeal followed.

■ Summary judgment is properly granted if the pleadings, depositions, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Alop v. Edgewood Valley Community Association* (1987), 154 Ill. App. 3d 482, 484, 507 N.E.2d 19, 21.) In order to withstand a motion for summary judgment, the nonmoving party must come forward with evidentiary material that establishes a genuine issue of fact. (*Salinas v. Chicago Park District* (1989), 189 Ill. App. 3d 55, 545 N.E.2d 184.) Absent an abuse of discretion by the trial court, summary judgment will not be reversed. *Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 475 N.E.2d 549.

The determination of whether a duty exists is an issue of law to be determined by the court. (*Kirk v. Michael Reese Hospital & Medical Center* (1987), 117 Ill. 2d 507, 525, 513 N.E.2d 387, 396.) When, as a matter of law, there is no duty owed to the plaintiff by the defendant, the defendant is entitled to judgment. *Hootman v. Dixon* (1984), 129 Ill. App. 3d 645, 472 N.E.2d 1224.

■ Although the Illinois Supreme Court abolished the doctrine of sovereign immunity in 1959 (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 506, 565 N.E.2d 654, 658), our courts have generally upheld the common law rule that a governmental body exercising its governmental authority for a governmental purpose is generally not liable to a private plaintiff for the allegedly negligent exercise of said authority. (*Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 614, 484 N.E.2d 909, 911; *Hannon v. Counihan* (1977), 54 Ill. App. 3d 509, 369 N.E.2d 917; see *Burdinie*, 139 Ill. 2d at 507-08, 565 N.E.2d at 658.) When a municipality acts for the benefit of the general public, it owes no duty to a particular member of the public, unless plaintiff can show that defendant owed a "special duty" to a particular individual. (See *Burdinie*, 139 Ill. 2d at 508, 565 N.E.2d at 658.) Hence, our courts have distinguished those functions which are governmental in character from those which are not. *Fryman*, 137 Ill. App. 3d at 614-15, 484 N.E.2d at 911.

For example, in *Davis v. Chicago Housing Authority* (1990), 136 Ill. 2d 296, 555 N.E.2d 343, our supreme court stated that "[t]here can be no question that the providing of a playground is a governmental activity." (*Davis*, 136 Ill. 2d at 301, 555 N.E.2d at 345.) The *Davis* court noted that by statute, the powers of housing authorities, including the power to establish playgrounds adjacent to public housing projects, were governmental functions. *Davis*, 136 Ill. 2d at 301, 555 N.E.2d at 345.

This case differs from *Davis* only insofar as there appears to be no statute which expressly states that the Park District's power to create and maintain a playground is a governmental function. Nevertheless, it cannot be seriously doubted that the provision and maintenance of the playground in this case is the exercise of a governmental function. The playground is maintained for the recreational benefit and use of the public, not the private gain of the Park District. (See *Gebhardt v. Village of LaGrange Park* (1933), 354 Ill. 234, 239, 188 N.E. 372, 374.) Consequently, in the absence of a statute imposing such liability, the Park District is not liable for the allegedly negligent operation or maintenance of the playground at issue in this case. See *Gebhardt*, 354 Ill. at 239, 188 N.E. at 374.

This conclusion raises the question of whether the duty plaintiff alleges has been imposed by statute. Section 3—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act or Act) (Ill. Rev. Stat. 1989, ch. 85, par. 3—102(a)) imposes upon a local public entity:

"the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom [it] intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used, and shall not be liable for injury unless it is proven that it [had] actual or constructive notice of the existence of such a condition."

In this case, given the facts as stated by the parties both in their briefs and at oral argument, this court initially held that summary judgment was proper based on section 3—106 of the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—106), which immunizes local public entities from liability for the conditions of recreational facilities on public property. In his petition for rehearing, plaintiff informed this court for the first time that the Park District carried insurance which waived the immunity provided by the Act at the time of plaintiff's injury. (See Ill. Rev. Stat. 1985, ch. 85, par. 9—103(c).) Plaintiff identified no such policy in the record, but argues that its existence is suggested by answers to interrogatories given by the Park District. As the Park District did not dispute in its response to the petition for rehearing that its insurance policy was of the type which would result in waiver under the Act, we now turn to address whether summary judgment was properly entered on the issue of duty in this case.

Generally, the Park District, as a landowner, owes no duty to a child for the obvious risk of falling off pieces of playground equipment, such as a slide, because a reasonable person would expect that even a child can recognize and avoid such a risk. (*Alop*, 154 Ill. App. 3d 482, 507 N.E.2d 19; see also *Young v. Chicago Housing Authority* (1987), 162 Ill. App. 3d 53, 515 N.E.2d 779 (involving monkey bars).) But if a slide is defective and the defect causes a fall, a landowner may be liable for injuries incurred. *Kirby v. Macon Public School District No. 5* (1988), 169 Ill. App. 3d 416, 523 N.E.2d 643; *Scarano v. Town of Ela* (1988), 166 Ill. App. 3d 184, 520 N.E.2d 62. But see *Salinas*, 189 Ill. App. 3d at 60-62, 545 N.E.2d at 187-88 (determining there was no duty even where a slide is allegedly defective).

These cases reflect the general rule of landowner nonliability and the exception recognized where the owner knows or should know that

young children frequent the area and the cause of the child's injury is a dangerous condition on the land. (*Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023; *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 325-26, 383 N.E.2d 177, 180.) A "dangerous condition" is one that is likely to cause injury to children who, by reason of their age and immaturity, are incapable of appreciating the attendant risks. (*Cope*, 102 Ill. 2d at 286, 464 N.E.2d at 1027; *Corcoran*, 73 Ill. 2d at 325, 383 N.E.2d at 180.) If, however, the condition involves obvious risks that children generally would be expected to appreciate and avoid, there is no duty to remedy the condition. *Cope*, 102 Ill. 2d at 286, 464 N.E.2d at 1027; *Corcoran*, 73 Ill. 2d at 326, 383 N.E.2d at 180.

Since it is undisputed in the present case that defendant knew children frequented the playground, the issue thus becomes whether the "Frontier Outpost" is a dangerous condition.

Generally, if a motion for summary judgment is unsupported by evidentiary facts, a plaintiff may rely on the allegations of the complaint to raise a material issue of fact (*Estate of Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523, 541 N.E.2d 805), so long as those allegations are not merely conclusory in nature (see, *e.g., Dietz v. Spalla* (1989), 186 Ill. App. 3d 742, 542 N.E.2d 855). In this case, it appears that defendant's motion for summary judgment was filed without an accompanying affidavit. The record on appeal was supplemented by stipulation of the parties on April 2, 1990, to include the motion for summary judgment, but the motion is unaccompanied by affidavits and makes no reference to any such affidavits. Hence, for the purpose of reviewing summary judgment, we accept plaintiff's allegations that the hole in the platform did not have barricades, warnings or railings, as these allegations are uncontradicted.

■ Nevertheless, we conclude that summary judgment was proper in this case. The minor-plaintiff in this case should have been aware of the obvious risk posed by the opening in the deck, as it was the opening through which plaintiff gained access to the platform. At the time of the fall, the plaintiff here was only 4½ years old, but the child in *Corcoran* was a mere two years old and was held to be aware of the risk of falling into a ditch. (*Corcoran*, 73 Ill. 2d at 328, 383 N.E.2d at 181.) The child in *Corcoran* was not accompanied by his parents at the time, whereas the child here was accompanied by a baby sitter. However, the five-year-old child in *Young* was held to this standard where the complaint was silent on the issue of supervision. (*Young*, 162 Ill. App. 3d at 56-57, 515 N.E.2d at 782.) Even in the case of a supervised child, our courts have often stated:

"It is always unfortunate when a child gets injured while playing, but a person who is merely in possession and control of the property cannot be required to indemnify against every possibility of injury thereon. The responsibility for a child's safety lies primarily with its parents, whose duty it is to see that his behavior does not involve danger to himself." (*Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 79, 219 N.E.2d 483, 486.)

(See also *Salinas,* 189 Ill. App. 3d at 62, 545 N.E.2d at 188 (upholding summary judgment for lack of duty in case of supervised child).) In short, the issue is whether the condition complained of is dangerous to children generally. (*Corcoran,* 73 Ill. 2d at 327, 383 N.E.2d at 180.) In this case, the risk of falling was obvious and therefore not a dangerous condition.

Plaintiff's allegations that the "Frontier Outpost" was defective, lacked barricades or railings around the entrance hole and lacked warning signs do not alter this conclusion. *Kirby,* upon which plaintiff heavily relies, held that a complaint alleging that a slide was defective survived a motion to dismiss, as distinguished from a motion for summary judgment. (*Kirby,* 169 Ill. App. 3d at 420, 523 N.E.2d at 646.) The liability of a possessor of land is predicated in part on the possessor's failure to expect that the invitee will discover and avoid the danger. *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 468-69, 343 N.E.2d 465, 472.

In this case, plaintiff alleged in one paragraph that the "Frontier Outpost" was "defective"; however, the record presented to this court at this time is devoid of evidence which would support this conclusory allegation. Moreover, it must be remembered that we are currently only concerned with plaintiff's claim that the Park District had a dangerous condition on its property. Plaintiff has framed this claim as one sounding in negligence, reserving its strict liability claims for the manufacturer of the equipment (who is not a party to this appeal). Thus, even if this court were to assume for the sake of argument that the "Frontier Outpost" was defective (an issue not before this court), that assumption does not necessarily raise a material question of fact which would preclude the entry of summary judgment.

For example, other paragraphs in plaintiff's complaint specifically mention the lack of warning signs, railings or barricades on or near the equipment at issue. As these assertions were uncontradicted by the movant, this court accepts them as true for the purposes of summary judgment. Nevertheless, when the Park District moved for summary judgment on the issue of duty, plaintiff failed to produce evi-

dence to rebut the contention that the risk of falling through the hole plaintiff used to gain access to the platform was obvious in spite of the lack of railings or signs. Hence, summary judgment was proper as to count I, based on the record before this court at this time.

■ Summary judgment was also properly granted as to count II, which alleges willful and wanton misconduct.

> "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care. [Citations.]" (*Schneiderman v. Interstate Transit Lines, Inc.* (1946), 394 Ill. 569, 583, 69 N.E.2d 293, 300.)

(See also *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015, 1018 (citing authorities).) However, because the question of whether conduct was willful or wanton is one of degree, a "hard and thin line definition should not be attempted" and the determination should follow from a "close scrutiny of the facts." *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015, 1018.

As mentioned earlier, this court allows a plaintiff to rely on the nonconclusory allegations in the complaint where a defendant moving for summary judgment fails to supply an affidavit or other evidentiary facts. While allegations of willful and wanton misconduct do not fail merely because they are similar to allegations of negligence (*O'Brien,* 83 Ill. 2d at 468, 415 N.E.2d at 1018; *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 380, 539 N.E.2d 246, 255), the mere allegation that the acts were done willfully and wantonly is conclusory. See *Booker v. Chicago Board of Education* (1979), 75 Ill. App. 3d 381, 394 N.E.2d 452.

*Kirby,* upon which plaintiff in this case relied on the issue of duty, affirmed the dismissal of a claim of willful and wanton misconduct, stating that allowing children to play on a slide without guardrails, even after other children had been injured, did not constitute an utter and conscious disregard for the safety of children. (*Kirby,* 169 Ill. App. 3d at 421, 523 N.E.2d at 647.) Although there are many conclusory allegations in plaintiff's willful and wanton count, plaintiff in this case failed to allege facts which, if true, could allow count II to survive summary judgment. Nor does the record reveal any evidentiary matter which would support said conclusory allegations.

In sum, the Park District was entitled to judgment as a matter of law on both counts. For the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.