DAVID BROWN, Special Adm'r of the Estate of Rochelle Brown, Plaintiff-Appellant, v. THE CHICAGO PARK DISTRICT *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—89—2162

Opinion filed June 24, 1991.—Rehearing denied September 24, 1991.

William J. Harte, Ltd., of Chicago (William J. Harte, David J. Walker, and Joan Mannix, of counsel), for appellant.

James D. Wascher, of Chicago, for appellees.

Ancel, Glink, Diamond & Cope, P.C., of Chicago (Stewart H. Diamond and Thomas G. DiCianni, of counsel), for *amici curiae.*

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff David Brown, the special administrator of the estate of decedent Rochelle Brown, appeals an order of the circuit court of Cook County dismissing his second amended complaint. The complaint asserted claims against defendants Chicago Park District (Park District) and district employees Roosevelt Harris, Cory Swayzer and Charles Christiel, relating to the drowning of decedent in the Madden Park Swimming Pool.

The facts alleged in the second amended complaint are as follows. In 1988, decedent was 22 years old, but had the equivalent of a third-grade education due to a mental handicap. On August 1, 1988, decedent went to the Madden Park swimming pool with some of her neighbors. The pool, which is located in the City of Chicago, was operated by the Park District. At this time, at least three Park District employees were working at Madden Park; defendants Harris and Swayzer were employed as lifeguards, while defendant Christiel was employed as the Madden Park supervisor. Decedent wore a T-shirt

and shorts to the pool; she had never been in a swimming pool or in the water at a beach in her life.

Decedent entered, fell or was pushed into the deep water of the pool, where she sank, remained underwater, breathed water and died of drowning. The defendants did not observe this incident; the lifeguards were allegedly socializing with some girls at this time.

On March 10, 1989, plaintiff filed a complaint against the Park District, Harris and Swayzer. The Park District later filed a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). By the time a hearing was held on the motion, plaintiff had filed a second amended complaint which included Christiel as a defendant. Counts I and II of the complaint alleged wrongful death and survival actions based on defendant's allegedly negligent failure to supervise the pool; counts III and IV alleged wrongful death and survival actions based on defendant's allegedly willful and wanton misconduct. The trial court granted the Park District's motion to dismiss the entire complaint with prejudice and without leave to amend, holding that the Park District was immune from liability pursuant to section 3—108(b) of the Local Governmental and Governmental Employees Tort Immunity Act (the Tort Immunity Act or Act) (Ill. Rev. Stat. 1989, ch. 85, pars. 1—101 through 9—107). The trial court also found that there was no just reason to delay enforcement or appeal of the order, pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)).

■■ ■ Initially, we note that the purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact. (*Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.* (1990), 200 Ill. App. 3d 701, 558 N.E.2d 341; *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 501 N.E.2d 156.) A trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover. (See *Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 565 N.E.2d 654.) In the instant case, therefore, we assume that the well-pleaded facts of plaintiff's amended complaint are true. A reviewing court may affirm the dismissal of a complaint pursuant to section 2—619 on any grounds which are supported by the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct. See *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286, 527 N.E.2d 303, 305.

In this case, the Park District moved to dismiss plaintiff's second amended complaint under section 2—619(a)(9) of the Code of Civil

Procedure, which provides that a defendant may move to dismiss an action on the ground that a claim asserted is barred by other affirmative matter avoiding the legal effect of or defeating the claim. (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(9).) "Affirmative matter" includes something in the nature of a defense that completely negates the alleged cause of action.

Before we reach the question of whether the Park District is immune from suit, however, we must first determine whether defendant owed a duty to plaintiff or decedent. "It is fundamental that there can be no recovery in tort for negligence unless the defendant has breached a duty owed to the plaintiff." (*Boyd v. Racine Currency Exchange, Inc.* (1973), 56 Ill. 2d 95, 97, 306 N.E.2d 39, 40; see *Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231.) The absence of a legal duty to a plaintiff is affirmative matter which can be asserted by a section 2—619 motion. *Young v. Chicago Housing Authority* (1987), 162 Ill. App. 3d 53, 54, 515 N.E.2d 779, 781; *Holubek v. City of Chicago* (1986), 146 Ill. App. 3d 815, 817, 497 N.E.2d 348, 350.

Although the Illinois Supreme Court abolished the doctrine of sovereign immunity in 1959 (*Burdinie*, 139 Ill. 2d at 506, 565 N.E.2d at 658), our courts have generally upheld the common law rule that a governmental body exercising its governmental authority for a governmental purpose is generally not liable to a private plaintiff for the allegedly negligent exercise of said authority. (*Fryman v. JMK/Skewer, Inc.* (1985), 137 Ill. App. 3d 611, 614, 484 N.E.2d 909, 911; *Hannon v. Counihan* (1977), 54 Ill. App. 3d 509, 369 N.E.2d 917; see *Burdinie*, 139 Ill. 2d at 507-08, 565 N.E.2d at 658.) In such cases, our courts have distinguished those functions which are governmental in character from those which are not. (*Fryman*, 137 Ill. App. 3d at 614-15, 484 N.E.2d at 911.) For example, in *Gebhardt v. Village of La Grange Park* (1933), 354 Ill. 234, 188 N.E. 372, our supreme court held that a municipality was not liable for a tort arising out of its operation of a swimming pool, reasoning that the operation of a pool was a governmental function. (*Gebhardt*, 354 Ill. at 239-40, 188 N.E.2d at 374-75.) Indeed, the scope of protection afforded by *Gebhardt* extended to an agent of a municipality who became involved in an automobile accident while transporting children to a municipal pool. *Gebhardt*, 354 Ill. at 235-36, 188 N.E.2d at 373.

*Gebhardt* controls our decision in this case. When a municipality acts for the benefit of the general public, it owes no duty to a particular member of the public, unless plaintiff can show that defendant owed a "special duty" to a particular individual. (See *Burdinie*, 139 Ill. 2d at 508, 565 N.E.2d at 658.) In rejecting the argument that

a municipality owed a "special duty" to a student in a swimming class offered by a municipality, the *Burdinie* court stated:

"Recognizing such a duty owed by municipal employees to individuals based solely on the employees' knowledge, background, or training, in the absence of special circumstances, would, for example, place every trained recreational supervisor in the position of guaranteeing the personal safety of every person participating. This *** would run against the grain of the common law ***." (*Burdinie*, 139 Ill. 2d at 522, 565 N.E.2d at 665.)

Here, plaintiff did not allege that the Park District owed a "special duty" to decedent. Plaintiff did emphasize that the decedent in this case was mentally handicapped and arrived at the pool in street clothes. Plaintiff failed, however, to demonstrate that defendants had notice of decedent's mental capacity or that the wearing of street clothes at the pool should have put defendants on notice of that capacity. Under *Burdinie*, the presence, knowledge and training of a swimming instructor are insufficient to impose upon a "special duty" flowing from a municipal swimming instructor to an individual taking swimming lessons; the same factors cannot create a duty flowing from defendant to plaintiff or decedent in this case.

■ The cases involving the duties of a pool operator cited in plaintiff's reply brief are distinguishable on the ground that they all concern private operators of pools, rather than municipalities. (*E.g., Brumm v. Goodall* (1958), 16 Ill. App. 2d 212, 147 N.E.2d 699.) The Park District notes in its brief that "[a]t common law, if a party who has no duty to perform a particular task nevertheless undertakes that task, he or she generally must perform it adequately." (Citing *Cross v. Wells Fargo Alarm Services* (1980), 82 Ill. 2d 313, 317, 412 N.E.2d 472, 474.) This rule has been applied to hold municipalities liable as well. (See, *e.g., Greene v. City of Chicago* (1976), 48 Ill. App. 3d 502, 509, 363 N.E.2d 378, 384, *aff'd* (1978), 73 Ill. 2d 100, 382 N.E.2d 1205.) The *Greene* line of cases, however, involves the negligent lighting of public streets, which is a claim that was recognized as an exception to the public duty rule long before the decision in *Gebhardt*. (See *City of Chicago v. Powers* (1866), 42 Ill. 169.) Consequently,

"in the absence of a statute imposing such liability a city or village maintaining a swimming pool is not pecuniarily liable for the negligence of its officers or servants in the discharge of their duties relating to that particular function." (*Gebhardt*, 354 Ill. at 239, 188 N.E.2d at 374.)

This conclusion raises the question of whether the duty plaintiff alleges has been imposed by statute.

■ Section 3—108 of the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—108) provides:

"(a) Except as otherwise provided by this Act and subject to subdivision (b) neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property.

(b) Where a local public entity or public employee designates a part of public property to be used for purposes of swimming and establishes and designates by notice posted upon the premises the hours of such use, the entity or public employee is liable only for an injury proximately caused by its failure to provide supervision during the said hours posted."

The Act also states:

"The purpose of this Act is to protect local public entities and public employees from liability arising from the operation of government. *It grants only immunities and defenses.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 85, par. 1—101.1(a).)

Plaintiff argues that section 3—108(b) of the Act imposes a duty to provide supervision or perhaps adequate supervision of swimming pools during the hours it is open to the public. Given the expressly stated purpose of the Act, however, we believe that the Act should be construed in terms of granting immunities and defenses instead of imposing duties, unless the plain language of a particular provision imposes a duty (*e.g.*, Ill. Rev. Stat. 1989, ch. 85, par. 3—102). Under this approach, section 3—108(b) of the Act merely establishes a condition defendants would be required to meet in order to successfully assert the Tort Immunity Act as an affirmative defense; it does not address the threshold question of whether a defendant has the duty necessary for a plaintiff to state a cause of action. *Cf. Fryman*, 137 Ill. App. 3d at 619, 484 N.E.2d at 913 (contrasting defense of immunity with element of duty).

■ Plaintiff cites *Cope v. Doe* (1984), 102 Ill. 2d 278, 464 N.E.2d 1023, in which our supreme court stated that "[o]ur *** legislature [has] traditionally regarded public swimming pools differently from other bodies of water." (*Cope*, 102 Ill. 2d at 288, 464 N.E.2d at 1028.)[1] The *Cope* court cited the Swimming Pool and Bathing Beach Act (Ill. Rev. Stat. 1987, ch. 111½, pars. 1201 through 1227) to support this

---

[1] The *Cope* court also referred to the "private operator" cases which we have already distinguished in this opinion, stating that our law places "a duty upon *private operators* of public swimming pools *** to take precautions for the safety of their patrons." (Emphasis added.) *Cope*, 102 Ill. 2d at 288, 464 N.E.2d at 1028.

statement. However, in this case, plaintiff did not rely on this legislation and there is nothing in the plain language of the legislation which imposes civil liability on the Park District under the circumstances presented.

■ In sum, the circuit court did not err in dismissing plaintiff's complaint, for plaintiff was unable in this case to establish that the Park District owed a duty to any particular individual, as opposed to the general public. This rationale applies to all of the dismissed counts, as plaintiff is required to establish the element of duty to maintain a cause of action alleging either simple or willful and wanton negligence. See *Young*, 162 Ill. App. 3d 53, 515 N.E.2d 779.

For all of the aforementioned reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.