JENNIFER ANNEN, by her Mother and Next Friend, Linda Annen, Plaintiff-Appellant, v. THE VILLAGE OF McNABB, Defendant-Appellee.

Third District   No. 3—89—0070

Opinion filed January 4, 1990.

Scott J. Ganassin, of Peter F. Ferracuti & Associates, of Ottawa, for appellant.

T. Donald Henson and Jonathan F. Brandt, both of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff Jennifer Annen filed a two-count complaint against defendant Village of McNabb, a municipal corporation, for personal injuries sustained while using a restroom located within Coleman Memorial Park. Coleman Memorial Park is located in, owned and controlled by the defendant. Subsequently amended, count I of the com-

plaint alleged negligence on the part of the defendant in maintaining the restroom. In the alternative, count II alleged willful and wanton conduct by the defendant.

Defendant filed a motion to dismiss count I, contending that the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1987, ch. 85, par. 1—101 et seq.) (hereinafter Tort Immunity Act) limited plaintiff's action to one alleging willful and wanton conduct. The trial court agreed with the defendant and dismissed count I of the amended complaint. Plaintiff appeals.

The record reveals that on June 16, 1987, the plaintiff, who was six years of age at the time, was at the park watching a baseball game. At some point the plaintiff left the baseball game. She travelled to a building located within the park, a building that solely housed restroom facilities. After entering the women's restroom, plaintiff leaned upon a sink. The sink immediately fell from the wall, seriously injuring her.

The issue presented is whether a local public entity is exempt from liability in ordinary negligence to one injured in a restroom building located in a public park.

The Tort Immunity Act provides:

"§3—106. Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury." Ill. Rev. Stat. 1987, ch. 85, par. 3—106.

Plaintiff maintains that, since the Tort Immunity Act is in derogation of the common law, it must be strictly construed against public entities. Plaintiff focuses on the restroom building itself, contending that a freestanding restroom building does not come within the purview of section 3—106 because the building is not intended or used for recreational purposes. Plaintiff argues that since section 3—106 is not applicable to this situation, the plaintiff need only prove that the defendant acted negligently rather than with willful and wanton conduct.

In support of her position, plaintiff urges this court to adopt the holding in Larson v. City of Chicago (1986), 142 Ill. App. 3d 81, 491 N.E.2d 165. In Larson a roller skater was injured on a public sidewalk located within a residential neighborhood. The defendant argued that since the sidewalk was being used for recreational purposes, sec-

tion 3—106 was applicable and the plaintiff was required to allege willful and wanton conduct on the part of the defendant. The court rejected this argument, holding that this would be an unwarranted, expansive interpretation of section 3—106.

We find the plaintiff's argument unpersuasive and *Larson* distinguishable from the instant case.

The primary rule of statutory construction is to ascertain and effectuate the legislature's intent. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 469 N.E.2d 267.) The purpose of section 3—106 is to encourage the development and maintenance of parks, playgrounds and similar areas. (*Beckus v. Chicago Board of Education* (1979), 78 Ill. App. 3d 558, 560, 397 N.E.2d 175.) A restroom facility located within a park is a part of the park. While a restroom building itself is not intended to be used for recreational purposes, it allows a park user to continue using the park without having to leave the park to use restroom facilities. This increases the usefulness of the park and advances the legislative purpose.

The instant case is distinguishable from *Larson*. There is a difference between sidewalks located in residential neighborhoods and restrooms located within public parks. "Under common law principles, it has long been held that a municipality [has a duty] to maintain its streets and sidewalks in a reasonably safe condition for the amount and kind of travel which may be fairly expected upon them." (*Larson*, 142 Ill. App. 3d at 84.) The court in *Larson* did not want to upset this tradition simply because one injured on a sidewalk was doing something recreational in nature.

For the foregoing reasons we affirm the dismissal of count I of plaintiff's amended complaint entered by the circuit court of Putnam County.

Affirmed.

HEIPLE, P.J., and STOUDER, J., concur.