(No. 68104.—

DJUAN T. DAVIS, Appellant, v. THE CHICAGO HOUSING AUTHORITY, Appellee.

*Opinion filed May 23, 1990.*

Harvey L. Walner & Associates, Ltd., of Chicago (Lawrence Schlam, of De Kalb, of counsel), for appellant.

Mitchell Ware, David S. Allen, Frank M. Grenard and Anthony C. Swanagan, of Jones, Ware & Grenard, of Chicago, for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Djuan T. Davis, by his mother, Marsha Davis, appeals from an appellate court reversal of the trial court's holding in the circuit court of Cook County that section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 1—101 *et seq.*) (the Tort Immunity Act) does not apply to the defendant, Chicago Housing Authority (CHA), a municipal corporation.

On August 5, 1983, the plaintiff, a minor, was injured in a playground in Chicago. The playground is owned, operated, maintained, and controlled by the defendant and is for the exclusive use of its tenants, residents, and their guests.

The plaintiff alleged that the defendant had been careless and negligent in the maintenance and operation of the playground. The trial court granted the defendant's motion under Supreme Court Rule 308(a) (107 Ill. 2d R. 308(a)) to certify the question whether section 3—106 of the Tort Immunity Act was applicable to the CHA, and the appellate court granted the defendant's application for leave to appeal. The appellate court, reversing the circuit court, held that section 3—106 of the Tort Immunity Act did apply. (176 Ill. App. 3d 976, 986.) Section 3—106 of the Tort Immunity Act provides:

> "Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used as a park, playground or open area for recreational purposes unless such local entity or public employee is guilty of willful and wanton negligence proximately causing such injury." Ill. Rev. Stat. 1985, ch. 85, par. 3—106.

Thus, the question for us is whether section 3—106 confers immunity upon the CHA from liability for injuries sustained in a playground provided for the exclusive use of its tenants and their guests.

The plaintiff contends that section 3—106 of the Tort Immunity Act (Ill. Rev. Stat. 1985, ch. 85, par. 3—106) should be read to exclude the CHA from the statute's protection. The plaintiff argues that the immunity conferred by section 3—106 extends only to parks, playgrounds, or open areas available for and open to the use of the general public. He says that the Tort Immunity Act does not apply to the CHA because its recreational

facilities are provided solely for the use of its tenants and their guests. Too, the plaintiff contends that the playgrounds, owned and maintained by the CHA, represent an exercise of the CHA's proprietary function under the Housing Cooperation Law (Ill. Rev. Stat. 1985, ch. 67½, par. 28 *et seq.*). If this court were to view the maintenance of the playgrounds as a proprietary function, the plaintiff argues that the Tort Immunity Act would not apply because the General Assembly did not intend to immunize the CHA from liability attaching to proprietary acts. Finally, the plaintiff contends that section 3—106 of the Tort Immunity Act is violative of article I, section 12, of the constitution of Illinois (Ill. Const. 1970, art. I, §12), which provides that every person shall find a certain remedy for all injuries to person or property; the Illinois equal protection clause (Ill. Const. 1970, art. I, §2); and the proscription against special legislation (Ill. Const. 1970, art. IV, §13).

The defendant argues that the plain language of the Tort Immunity Act requires that the CHA be immune from suit when the complaint is founded on the claimed negligence of a "local public entity." The defendant argues that the provision of recreational facilities is a governmental function and, as such, brings any claim connected with the recreational facilities within the protection of the Tort Immunity Act.

Under section 1—206 of the Act, a local public entity includes a municipal corporation. (Ill. Rev. Stat. 1985, ch. 85, par. 1—206.) The Act defines "property of a local public entity" and "public property" as "real or personal property owned or leased by a local public entity." Ill. Rev. Stat. 1985, ch. 85, par. 3—101.

The plaintiff concedes that the defendant, the CHA, as a municipal corporation, is a local public entity under section 1—206 (Ill. Rev. Stat. 1985, ch. 85, par. 1—206). The CHA is a municipal corporation under the Housing

Cooperation Law (Ill. Rev. Stat. 1985, ch. 67½, par. 28 *et seq.*). The parties agree that the playground in question is public property as defined in the Tort Immunity Act under section 3—101 (Ill. Rev. Stat. 1985, ch. 85, par. 3—101). But the plaintiff contends that, to claim immunity under the Act, the "public property" must be open for use by the general public. He argues that as the use of the defendant's playground is not open to the public, the defendant is not within the protection of the Act. That the general public has access to property in order that it be considered public property is neither expressly stated in the Act nor can it reasonably be implied.

This court has stated that the General Assembly has "the power to define the terms, within a statute, in any reasonable manner." (*Commonwealth Edison Co. v. Property Tax Appeal Board* (1984), 102 Ill. 2d 443, 457.) The General Assembly has defined the terms "local public entity" and "public property" simply and in a reasonable manner. A "local public entity" includes a municipal corporation. (Ill. Rev. Stat. 1985, ch. 85, par. 1—106.) "Public property" means any real or personal property owned or leased by a local public entity. (Ill. Rev. Stat. 1985, ch. 85, par. 3—101.) The General Assembly, in defining public property, did not include a requirement that the property must be open for public use.

The plaintiff's complaint that the Tort Immunity Act does not apply to the defendant because the providing by the CHA of recreational facilities is proprietary rather than governmental is unfounded. Courts, when drawing a distinction between governmental and proprietary functions, have in general extended immunity to governmental functions but not to proprietary functions. *Gebhardt v. Village of LaGrange Park* (1933), 354 Ill. 234.

There can be no question that the providing of a playground is a governmental activity. The General Assembly, in drafting the Housing Cooperation Law (Ill. Rev. Stat. 1985, ch. 67½, par. 28 *et seq.*), provided that the powers conferred on housing authorities are public objects and *governmental functions* essential to the public interests. (Ill. Rev. Stat. 1985, ch. 67½, par. 29.) Further, the Housing Cooperation Law states:

> "For the purpose of aiding and cooperating in the planning, \*\*\* improvement, \*\*\* repair or operation of housing projects located in whole or in part within the area in which it is authorized to act, any State Public Body [including a municipal corporation] may \*\*\*:
>
> \*\*\*
>
> (b) Cause parks, playgrounds, recreational \*\*\* facilities, \*\*\* to be furnished adjacent to or in connection with housing projects." (Emphasis added.) Ill. Rev. Stat. 1985, ch. 67½, par. 31.

The plaintiff finally and unconvincingly argues that the result of holding the defendant within the immunity protections of the Tort Immunity Act results in a violation of article I, section 12, of the Illinois Constitution; of the equal protection clause; and of the proscription against special legislation. Granting immunity only to governmental bodies, like the defendant here, is the basis of the plaintiff's claims of unconstitutionality. Because the contentions are raised here for the first time, the defendant argues that the plaintiff has waived argument on them, but we consider it appropriate to address them.

There is no substance to the claims. In *Bilyk v. Chicago Transit Authority* (1988), 125 Ill. 2d 230, 236, this court considered identical claims that the statute involving the Chicago Transit Authority was violative of article I, section 12, of the constitution; of the equal protection clause; and of the proscription against special legislation.

This court held: "Statutory and common law provisions which differentiate between municipal and private corporations as to tort liability have been held reasonable and valid classifications under the equal protection and special legislation clauses."

McQuillin on Municipal Corporations states:

"The reason [for tort immunity of local government entities] is one of public policy, to protect public funds and public property. 'Taxes are raised for certain specific governmental purposes; and, if they could be diverted to the payment of the damage claims, the more important work of government, which every municipality must perform regardless of its other relations, would be seriously impaired if not totally destroyed. The reason for the exemption is sound and unobjectionable.' " 18 McQuillin on Municipal Corporations §53.24 (1963).

Thus, there has been no injury or wrong to be redressed under article I, section 12, of our constitution.

For the reasons given, the judgment of the appellate court is affirmed.

*Judgment affirmed.*