(Nos. 71001, 71003 cons.—

WASTE MANAGEMENT OF ILLINOIS, INC., Appellee, v. THE ILLINOIS POLLUTION CONTROL BOARD *et al.*, Appellants.

*Opinion filed November 21, 1991.—Modified on denial of rehearing February 3, 1992.*

BILANDIC, J., took no part.

Larry M. Clark, of Mundelein, for appellant Village of Bensenville.

Neil F. Hartigan and Roland W. Burris, Attorneys General, of Springfield (Robert Ruiz and Rosalyn Kaplan, Solicitors General, and Michelle D. Jordan, Matthew J. Dunn, Joseph J. Annunzio, William D. Seith and Kelly A. O'Connor, Assistant Attorneys General, of Chicago, of counsel), for appellant Illinois Pollution Control Board.

Pedersen & Houpt, of Chicago (Donald J. Moran and Marilee Roberg, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

On July 22, 1988, Waste Management of Illinois, Inc., submitted to the Village of Bensenville (Village) an application for local siting approval for a waste transfer station. The Village denied approval on February 2, 1989, on the grounds that Waste Management had not met its burden of proof under the "need" and "traffic" criteria

of the local siting provisions of the Illinois Environmental Protection Act (Act) (Ill. Rev. Stat. 1989, ch. 111½, pars. 1039.2(a)(i), (a)(vi)).

On February 8, 1989, Waste Management brought an appeal before the Pollution Control Board (Board). Section 40.1(a) of the Act provides that an applicant may appeal the denial of an application of local site approval to the Board. (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1(a).) If the Board does not take "final action" on the appeal "within 120 days," the petitioner may deem the site location approved. (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1(a).) In an order dated July 13, 1989, the Board affirmed the Village's decision. The Board issued its opinion setting forth its findings on August 10, 1989. July 13, 1989, was the 120-day deadline for "final action" under section 40.1 of the Act (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1(a)).

On August 25, 1989, pursuant to section 101.246 of the Administrative Code (35 Ill. Adm. Code §101.246 (1989)), Waste Management filed with the Board a motion for reconsideration, claiming, *inter alia*, that the Board had not taken "final action" (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1(a)) within the statutory time period because the opinion was issued after the July 13, 1989, deadline. In an order dated September 13, 1989, the Board denied Waste Management's motion.

On September 20, 1989, Waste Management filed an appeal with the appellate court, again arguing that the Board had not taken "final action" within the statutory time period. The appellate court, with one justice dissenting, reversed the Board's decision. (201 Ill. App. 3d 614.) The appellate court held that the August 10, 1989, opinion constituted the final determination by the Board; therefore, Waste Management's application for site location of the waste transfer station must be deemed ap-

proved. (201 Ill. App. 3d at 621.) We granted the Board's petition for leave to appeal.

We begin by noting that this appeal involves the interpretation of a statutory provision, section 40.1 of the Act. When interpreting a disputed provision, this court must ascertain and give effect to the true intent and meaning of the legislature, considering first the statutory language. (*In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277.) Those terms which are unambiguous, when not specifically defined, must be given their plain and ordinary meaning. (See, *e.g., People v. Moore* (1978), 69 Ill. 2d 520, 523.) Moreover, this court shall not insert words into legislative enactments when the statute otherwise presents a cogent and justifiable legislative scheme. (See *Hagen v. City of Rock Island* (1959), 18 Ill. 2d 174, 179.) Mindful of this standard, we shall examine the provision.

Section 40.1 of the Act contains the procedure for appeal to the Board from denial of an application of local site approval. The section provides in part:

> "If the county board or the governing body of the municipality *** refuses to grant approval ***, the applicant may, within 35 days, petition for a hearing before the Board to contest the decision of the county board or the governing body of the municipality. *** In making its orders and determinations under this Section, the Board shall include in its consideration the written decision and reasons for the decision of the county board or the governing body of the municipality, the transcribed record of the hearing ***, and the fundamental fairness of the procedures used by the county board of the municipality in reaching its decision. *** If there is no final action by the Board within 120 days, petitioner may deem the site location approved; ***." Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1(a).

A plain reading of the disputed provision reveals that nowhere in the text does the word "opinion" appear.

Reference is made to a "written decision" but it is to the written decision of the county board or the governing municipal body from which the petitioner is appealing that is meant. The appellate court concluded that a separate written opinion was required for "final action" based entirely on its conclusion that section 40.1 and section 33(a) of the Act, which provides, *inter alia*, that "[i]n all such matters the Board shall file and publish a written opinion stating the facts and reasons leading to its decision" (Ill. Rev. Stat. 1989, ch. 111½, par. 1033(a)), must be considered together. 201 Ill. App. 3d at 619.

In support of its conclusion, the appellate court cited generally *Clean Air Coordinating Committee v. Environmental Protection Agency* (1976), 42 Ill. App. 3d 124, 127, and *Waste Management of Illinois, Inc. v. Pollution Control Board* (1988), 175 Ill. App. 3d 1023, 1035. We do not believe these cases support the proposition for which the court cited them. In *Clean Air*, the statutory phrases the court "considered together" were two sentences occurring in the *same paragraph of a single statutory provision*. The merger the court below forced is between two requirements occurring in two entirely separate provisions, unlike the situation in *Clean Air*, and we do not believe the conclusion or analysis in *Clean Air* in any way support the proposition for which the majority below relies on it.

Likewise, we believe the court's reliance on *Waste Management of Illinois, Inc. v. Pollution Control Board* is misplaced. In *Waste Management*, the court reconciled two provisions appearing in separate sections of the Act, sections 39.2(g) and 40.1(a). Section 39.2(g) contains the siting procedures for a new regional pollution control facility and provides that the procedures contained therein "shall be the exclusive siting procedures," while section 40.1(a) indicates that the siting procedures shall be con-

ducted pursuant to section 39 as well as those procedures employed by the county board or the governing body of the municipality. (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1(a).) The apparent conflict in the two provisions was resolved by reading the two provisions together so that the one provision was read to explain or define the other and thereby avoid any inconsistency.

The case before us presents no such inconsistency. One section, section 40.1, requires final action within 120 days. The other section, section 33(a), requires written findings. No conflict exists. As the dissent below aptly noted, "[n]othing ties the one provision to the other" outside of the majority's forced merger of the two provisions. (201 Ill. App. 3d at 628 (McNamara, J., dissenting).) In fact, section 33(a) is found under a separate title than that under which section 40.1 appears. Section 33(a) is found under title VIII, "Enforcement," while section 40.1 occurs under title X, "Permits." The requirement that the Board file and publish a written opinion "[i]n all such matters" refers to enforcement appeals. The instant matter involves an applicant's request to a municipality for local siting approval to construct and operate a solid waste transfer station.

The only reference to section 33(a) found in title X appears in section 40.1, which provides, *inter alia*, that "[a]t such hearing [the appeal before the Board] the rules prescribed in Sections 32 and 33(a) of this Act shall apply." (Ill. Rev. Stat. 1989, ch. 111½, par. 1040.1.) By its own terms, section 40.1 explicitly states that the rules in section 33(a) shall apply at the *hearings*, not to any action taken subsequent thereto.

In addition to referring to intrinsic evidence as an aid in interpreting a statute, it is appropriate to consider extrinsic evidence as well. Legislative debates on the disputed provision or amendments thereto frequently shed light on the provision, but the floor debates in this mat-

ter offer no additional insight into the phrase beyond that inferred from its plain and ordinary meaning. (See 83d Ill. Gen. Assem., House Proceedings, November 27, 1984, at 37-38, 42-43; 83d Ill. Gen. Assem., Senate Proceedings, May 23, 1984, at 175; 83d Ill. Gen. Assem., Senate Proceedings, May 9, 1984, at 171.) Reference to another statute by analogy is also a common method of interpretation and has been relied upon by this court on many occasions. See, *e.g., Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 468; see also 2A N. Singer, Sutherland on Statutory Construction §53.03, at 554 (Sands 4th ed. 1984) ("On the basis of analogy the interpretation of a doubtful statute may be influenced by language of other statutes which are not specifically related, but which apply to similar persons, things, or relationships").

In light of this, we look to section 33(a). This section envisions two separate documents, an order and an opinion. The section provides in part:

> "[T]he Board shall issue and enter such final order, or make such final determination, as it shall deem appropriate under the circumstances. *** In all such matters the Board shall file and publish a written opinion stating the facts and reasons leading to its decision. The Board shall immediately notify the respondent of such order in writing by registered mail." (Ill. Rev. Stat. 1989, ch. 111½, par. 1033(a).)

It is only the *opinion* and not the order which must include findings and it is only the *order* and not the opinion of which the respondent must be notified. (See 201 Ill. App. 3d at 628 (McNamara, J., dissenting).) Thus, the legislature is aware of how to include the requirement of filing an opinion with a final order in administrative reviews and we believe that its failure to do so in section 40.1 shows an intent not to have such be a requirement. Accord *Board of Education*, 131 Ill. 2d at 469.

Although we find that the Board's July 13, 1989, order was "final action" as contemplated by the legislature, we do not necessarily conclude that it was *final and appealable* for purposes of review. However, a conclusion that the order was not final and appealable would not invalidate the action taken by the Board.

In *Reinhardt v. Board of Education of Alton Community Unit School District No. 11* (1975), 61 Ill. 2d 101, this court held that a decision by an administrative agency must contain findings to make possible a judicial review of the agency's findings. (*Reinhardt*, 61 Ill. 2d at 103.) Although the cause was remanded to the board to make proper findings so that judicial review would be possible, the order was not found to be void. Accord *One Way Liquors, Inc. v. Byrne* (1982), 105 Ill. App. 3d 856, 862.

Moreover, we are persuaded by the Seventh Circuit Court of Appeal's statement that the reason for requiring an administrative agency or its hearing officer to state the reasons for its determination "is a back-up safeguard, designed to make sure, so far as it is possible to do so, that the hearing which due process requires is a meaningful one, as it would not be if the decision maker based his decision on materials outside of the record that was compiled at the hearing, other than such extra-record materials as the agency could properly take official notice of. [Citations.]" (*Hameetman v. City of Chicago* (7th Cir. 1985), 776 F.2d 636, 645.) This purpose is served regardless of when the opinion providing the reasons and evidence relied on for the order is issued.

In its appeal below, Waste Management also sought review of the Board's ruling that the Village's decision with respect to criterion 1 was not against the manifest weight of the evidence. This issue was not addressed by the court below in light of its decision with respect to the Board's

"final action." Because we now reverse that decision, we remand this matter to the appellate court for review of the Board's ruling with respect to criterion 1.

*Appellate court reversed;*
*cause remanded.*

JUSTICE BILANDIC took no part in the consideration or decision of this case.