589 N.E.2d 1038 (1992)
226 Ill. App.3d 514
168 Ill.Dec. 638
Elena CASTENADA, Plaintiff-Appellant,
v.
COMMUNITY SCHOOL DISTRICT UNIT NO. 200 et al., Defendants-Appellees,
(Virginia Parrish, Defendant).
No. 2-91-0625.
Appellate Court of Illinois, Second District.
March 20, 1992.
*1039 Cellucci, Yacobellis & Holman, James W. Holman, on the brief, Naperville, for Elena Castenada.
Modesto, Reynolds & McDermott, Chicago, James P. Hynes, on the brief, Modesto, Reynolds & McDermott, Wheaton, for Community Unit #200, Wheaton Cent. High School and Virginia Parrish.
Presiding Justice INGLIS delivered the opinion of the court:
Plaintiff, Elena Castenada, appeals the order of the circuit court dismissing count II of her complaint against defendants, Wheaton Central High School and Community Unit No. 200 (defendants). The issue on appeal is whether the trial court properly found that section 3-108 of the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (Ill.Rev.Stat.1989, ch. 85, par. 3-108) immunized defendants from their alleged negligent failure to supervise their students on public property not owned by them. We affirm.
In her complaint, plaintiff alleged that the defendants allowed the physical education students to take a bicycle trip on a portion of the Illinois Prairie Path in Wheaton, Illinois. The instructor was a quarter mile ahead of some of the students, including Virginia Parrish, a defendant not participating in this appeal. Parrish was riding two abreast and failed to yield the right-of-way to plaintiff, who was travelling in the opposite direction. Parrish collided with plaintiff, causing plaintiff to sustain personal injuries. In count I, plaintiff alleged Parrish was negligent. In count II, plaintiff alleged defendants were negligent for failing to supervise the students and for failing to require them to follow the rules of the road. In count III, plaintiff alleged that defendants' failure was willful and wanton.
Defendants moved to dismiss count II based on section 3-108 of the Tort Immunity Act. The trial court granted the motion. After the court entered a finding that there was no just cause to delay enforcement or *1040 appeal of the order, plaintiff filed a timely notice of appeal.
Section 3-108 states, in pertinent part:
"[N]either a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." (Ill.Rev.Stat.1989, ch. 85, par. 3-108.)
Section 3-101 of the Tort Immunity Act (Ill.Rev.Stat.1989, ch. 85, par. 3-101) provides:
"As used in this Article unless the context otherwise requires `property of a local public entity' and `public property' mean real or personal property owned or leased by a local public entity, but do not include easements, encroachments and other property that are located on its property but that it does not own, possess or lease."
Section 1-206 of the Tort Immunity Act (Ill.Rev.Stat.1989, ch. 85, par. 1-206) provides:
"`Local public entity' includes a county, township, municipality, municipal corporation, school district, school board, community college district, community college board, forest preserve district, park district, fire protection district, sanitary district, and all other local governmental bodies."
The trial court interpreted section 3-108 to mean that immunity applies on all public property, whether owned by the public entity or not. Plaintiff maintains that the statute should be applied only to the public property owned by or relevant to the public entity. Plaintiff contends that there is no nexus between the school district and the Illinois Prairie Path and that there is no purpose in applying the immunity off the school property. We agree that an incongruity might result if plaintiff could sue only if the students hit her when they detoured off the path to a privately-owned frozen yogurt store or hit her while on private property, but not if the accident occurred on the public path itself. In effect, plaintiff argues that the legislature did not draft the statute to provide the immunity to "all property of any local public entity."
We note that defendants followed the correct procedure by filing a motion to dismiss under section 2-619(a) of the Code of Civil Procedure (Ill.Rev.Stat.1989, ch. 110, par. 2-619(a)) because the cause of action is completely negated by an affirmative matter not apparent on the face of the complaint. (See Bloomingdale State Bank v. Woodland Sales Co. (1989), 186 Ill. App.3d 227, 232-33, 134 Ill.Dec. 256, 542 N.E.2d 435.) Section 2-619(a) requires the introduction of an affidavit proving the affirmative defense. (Ill.Rev.Stat.1989, ch. 110, par. 2-619(a).) Defendants failed to submit an affidavit proving their allegation that the accident occurred on public property or that the Illinois Prairie Path was the property of a local public entity. Nevertheless, plaintiff did not contest the allegation in the trial court and does not contest the allegation on appeal, and we consider the deficiency in defendants' pleading waived. For the purposes of this appeal, the Illinois Prairie Path is a public property although its owner is not named in the record.
When interpreting a disputed statutory provision, this court must ascertain and give effect to the true intent and meaning of the legislature, considering first the actual language of the statute. (Waste Management of Illinois, Inc. v. Illinois Pollution Control Board (1991), 145 Ill.2d 345, 348, 165 Ill.Dec. 875, 585 N.E.2d 606.) "Those terms which are unambiguous, when not specifically defined, must be given their plain and ordinary meaning. [Citation.] Moreover, this court shall not insert words into legislative enactments when the statute otherwise presents a cogent and justifiable legislative scheme." Waste Management, 145 Ill.2d at 348, 165 Ill.Dec. 875, 585 N.E.2d 606.
Using these principles, we affirm the trial court's dismissal. The plain language of the statute governs this situation despite plaintiff's argument. (Davis v. Chicago Housing Authority (1990), 136 Ill.2d 296, 300, 144 Ill.Dec. 224, 555 N.E.2d 343.) Section 3-108 specifically states that the immunity exists on any public property. In delineating the scope of the immunity, the legislature did not include a requirement *1041 that the property be owned by the supervising defendant. Cf. Davis, 136 Ill.2d at 300, 144 Ill.Dec. 224, 555 N.E.2d 343 (the court must apply the definition of "public property" as written by the legislature).
There is a possible cogent legislative scheme in extending immunity for conduct on property other than that owned by the supervising entity. High school athletic teams visit other schools to compete in events. These visits occur hundreds of times each week throughout the year and throughout the State. The legislature may have intended to protect the visiting team's supervisors as well as supervisors of the home team. The legislature may have also declined to interfere with private property by extending the immunity to conduct occurring outside public property. Thus, owners of private areas need not fear that customers will be driven away by roving bands of unsupervised students. Third parties who step inside public property then may assume the risk of injury caused by negligent supervision.
We restrict our analysis only to that argument raised by plaintiff. She argues that the interpretation of the statute is contrary to the result of numerous decisions by the Illinois courts. Claims of negligent supervision have been upheld in O'Brien v. Township High School District No. 214 (1980), 83 Ill.2d 462, 47 Ill.Dec. 702, 415 N.E.2d 1015; Tanari v. School Directors of District No. 502 (1977), 69 Ill.2d 630, 14 Ill.Dec. 874, 373 N.E.2d 5; and Griffis v. Board of Education District 122 (1979), 72 Ill.App.3d 784, 29 Ill.Dec. 188, 391 N.E.2d 451. In these cases, the courts analyzed only sections 24-24 and 34-84a of the School Code (Ill.Rev.Stat.1989, ch. 122, pars. 24-24, 34-84a). These sections provide that a teacher is in loco parentis to his or her students. Since a teacher or instructor stands in the place of the students' parents, the instructor is not liable for ordinary negligence but only for willful and wanton conduct. (See O'Brien, 83 Ill.2d at 467, 47 Ill.Dec. 702, 415 N.E.2d 1015.) Further, sections 24-24 and 34-84a do not provide direct immunity for the school district, but provide vicarious immunity when the cause of action against the district is predicated on the teacher's negligence. Sidwell v. Griggsville Community Unit School District No. 4 (1992), 146 Ill.2d 467, 472-73, 167 Ill.Dec. 1055, 588 N.E.2d 1185.
In Tanari, the injured plaintiff was not a student, and thus the in loco parentis doctrine did not apply. (Tanari, 69 Ill.2d at 636-37, 14 Ill.Dec. 874, 373 N.E.2d 5.) In O'Brien, the instructor's conduct lay outside the ambit of his supervisory role. (O'Brien, 83 Ill.2d at 467-68, 47 Ill.Dec. 702, 415 N.E.2d 1015.) The supreme court stated that public policy, as expressed in the Tort Immunity Act, militates in favor of holding public employees liable for negligence when no interests of student-teacher harmony are involved. (83 Ill.2d at 468, 47 Ill.Dec. 702, 415 N.E.2d 1015.) In Griffis, the school was liable for negligent acts caused by its agents who were not the student's teacher. Griffis, 72 Ill.App.3d at 789, 29 Ill.Dec. 188, 391 N.E.2d 451.
All of the injuries in these cases arose on public property, but section 3-108 was not raised as a defense. In those cases cited by plaintiff where section 3-108 was raised, the supervising defendant owned the property where the injury occurred. (Deren v. City of Carbondale (1973), 13 Ill.App.3d 473, 300 N.E.2d 590 (city owned street on which plaintiff was struck); Jarvis v. Herrin City Park District (1972), 6 Ill.App.3d 516, 285 N.E.2d 564 (city owned playground equipment upon which plaintiff was injured).) No cases we have found apply section 3-108 to property with no nexus to the defendant. However, in a case cited by neither party, Mancha v. Field Museum of Natural History (1972), 5 Ill.App.3d 699, 283 N.E.2d 899, the injured plaintiff sued the school for negligent supervision of students on a field trip. The court did not apply section 3-108 but applied section 2-202 (Ill.Rev.Stat.1989, ch. 85, par. 2-202) to rule that the teachers were exercising the laws of this State in supervising the students and thus the teachers were not liable in negligence. Mancha, 5 Ill.App.3d at 703, 283 N.E.2d 899.
*1042 Plaintiff argues that the cases cited above show that there is a trend in the case law moving toward a narrow interpretation of section 3-108 of the Tort Immunity Act. We do not recognize such a trend. In Bowers v. Du Page County Regional Board of School Trustees District No. 4 (1989), 183 Ill.App.3d 367, 377, 131 Ill.Dec. 893, 539 N.E.2d 246, we noted that the School Code and the Tort Immunity Act should be interpreted independently of one another. Thus, the cases cited by plaintiffs that discuss section 24-24 of the School Code in no way contemplate a narrowing interpretation of section 3-108 of the Tort Immunity Act. Moreover, the dissenting opinion in a recent Illinois Supreme Court case suggests that the Tort Immunity Act may provide immunity for school districts in certain situations. Sidwell, slip op. at 6-7, 146 Ill.2d at 475-76, 167 Ill.Dec. 1055, 588 N.E.2d 1185 (Heiple, J., dissenting) (majority should have addressed, and held, that section 3-106 of the Tort Immunity Act provides immunity for school district for injuries occurring on the playground due to district's ordinary negligence).
We apply the plain language of section 3-108 of the Tort Immunity Act and hold that the section applies on any public property whether owned by a negligent supervising entity or another public entity.
For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.
Affirmed.
UNVERZAGT and GEIGER, JJ., concur.