FIFTH DIVISION

March 31, 2004

No. 1-02-2689

LUSTA JOHNSON, JR., a Minor, ) Appeal from the

by his Father and Next Friend, ) Circuit Court of

LUSTA JOHNSON, SR., ) Cook County.

)

Plaintiff-Appellant, )

)

)

)

CITY OF CHICAGO, a Municipal )

Corporation, ) Honorable

) John Laurie,

Defendant-Appellee. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Lusta Johnson, Jr., by his father and next friend, Lusta Johnson, Sr., appeals the order of the circuit court granting summary judgment for defendant, the City of Chicago, on plaintiff's negligence action.  Upon appeal, plaintiff contends the circuit court erred in determining, as a matter of law, that section 3-106 of the Illinois Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/3-106 (West 2000)) immunizes defendant from liability in negligence for failing to maintain or repair a gated fence surrounding a Chicago public library parking lot.  We reverse and remand. 

Defendant owns and operates the Legler branch of the Chicago Public Library, which includes a fenced-in parking lot next to the library intended for the use of library patrons and staff.  On May 5, 1995, plaintiff was walking along the sidewalk adjacent to the Legler library parking lot when the gate to the fence fell on his leg, injuring him.

Plaintiff filed a complaint alleging that his injuries were caused by defendant's negligence in maintaining and repairing the fence and gate.  Defendant filed a motion for summary judgment pursuant to section 3-106 of the Tort Immunity Act, which states:

"Neither a local public entity nor a public employee is liable for an injury where the liability is based on the existence of a condition of any public property intended or permitted to be used for recreational purposes, including but not limited to parks, playgrounds, open areas, buildings or other enclosed recreational facilities, unless such local entity or public employee is guilty of willful and wanton conduct proximately causing such injury."   745 ILCS 10/3-106 (West 2000).

 Defendant argued that it was immunized from liability in negligence because the gate and fence surrounding the library parking lot were recreational property within the meaning of section 3-106 of the Tort Immunity Act.   The trial court granted defendant's motion for summary judgment.  Plaintiff filed this timely appeal.

  Summary judgment is proper when the pleadings, depositions, admissions and affidavits establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 530 (1996).  We review the grant of summary judgment 
de novo
.  
McNamee v. State of Illinois
, 173 Ill. 2d 433, 438 (1996).    

Our supreme court has held that section 3-106 applies if public property is intended or permitted to be used for recreational purposes, regardless of the primary purpose of the property.  
Bubb v. Springfield School District 186
, 167 Ill. 2d 372, 384 (1995).  In addition, the immunity provisions of section 3-106 apply to nonrecreational facilities or structures that increase the usefulness of public property intended or permitted to be used for recreational purposes.   
Sylvester v. Chicago Park District
, 179 Ill. 2d 500, 508 (1997).

Defendant argues that the Legler library is intended or permitted to be used for recreational purposes, and that the gate and fence surrounding the library parking lot increase the usefulness of the library.  Accordingly, defendant contends the trial court correctly determined as a matter of law that section 3-106 immunizes defendant from plaintiff's claims of negligence based on the alleged failure to maintain and repair the gate and fence.

Generally, when section 3-106 immunity has been applied to nonrecreational facilities, the nonrecreational facilities were actually located on the recreational property itself.  See 
e.g.
, 
Conoway v. Hanover Park Park District
, 277 Ill. App. 3d 896 (1996) (a drainage ditch within a park); 
Annen v. Village of McNabb
, 192 Ill. App. 3d 711 (1990)(restroom facilities within a park) Unlike in 
Conoway
 and 
Annen
, the gate and fence at issue here were located 
outside
 of the recreational property.  Even assuming, without deciding, that a library is intended or permitted to be used for recreational purposes, any recreational use of the gate and fence surrounding the library parking lot is so incidental that under the 
Conoway
 and 
Annen
 analysis, section 3-106 does not apply.  

Next, defendant contends the immunity should apply to property outside of the recreational facility and cites 
Sylvester v. Chicago Park District
, 179 Ill. 2d 500 (1997)), where 
our supreme court applied section 3-106 immunity when a person tripped over a concrete car stop in a parking lot servicing Soldier Field.  Unlike 
Sylvester
, however, the plaintiff here was not injured 
inside
 the parking lot; the plaintiff was injured 
outside
 the parking lot, on a public sidewalk when the gate to the parking lot fell upon him. 

Next, defendant contends section 3-106 applies here because the gate increased the usefulness of the fence, which increased the usefulness of the parking lot, which increased the usefulness of the library.  However, our supreme court has cautioned that the use of public property for recreation may be so incidental that section 3-106 does not apply.  
Rexroad v. City of Springfield
, 207 Ill. 2d 33, 43 (2003), citing 
Bubb v. Springfield School District 186
, 167 Ill. 2d at 382.  Such is the case here, where any alleged recreational use of the gate and fence in question was so incidental that section 3-106 does not apply.  Defendant's interpretation of section 3-106 is too expansive with the facts here.

Accordingly, we reverse the grant of summary judgment in favor of defendant and remand for further proceedings.

Reversed and remanded.

REID and HARTIGAN, JJ.'s concur.